[No. 104-41140-3. Division Three. February 26, 1970.]

THE STATE OF WASHINGTON, *Appellant,* v. GEORGE D. MALONEY, JR., *et al., Respondents.*

*Donald C. Brockett, Prosecuting Attorney,* and *Philip E. Rosellini, Deputy,* for appellant.

*Samuel W. Fancher,* for respondents.

GREEN, J.—On June 12, 1968, defendants, George D. Maloney and Russ Nobbs, were charged with vagrancy in Spokane County Justice Court. Following conviction they appealed to the superior court. The trial judge granted a defense motion to dismiss the charge. The State appeals.

The record on appeal contains: (1) a certification from the justice court that omits a copy of the charge itself; (2) an exhibit admitted in justice court; (3) a document filed in superior court called "Stipulated Facts" signed only by the attorneys for the respective parties; (4) defendants' motion for dismissal signed by their attorneys; (5) a memorandum of authorities filed by the State; (6) the court's memorandum opinion; and (7) an order of dismissal. No statement of facts was filed, so we know nothing of the proceedings in the trial court except as contained in the foregoing documents.

The stipulated facts and the court's memorandum opinion indicate defendants were charged with being "lewd,

disorderly and dissolute persons." It also appears the charge developed from the defendants' publication of a 4-letter word in one issue of their local Spokane newspaper, the "SPOKANE NATURAL." Without allowing a trial, the superior court dismissed the charge on the basis that it was not properly brought under the vagrancy statute. It was the opinion of the superior court that the charge would more properly lie under the obscenity statute, RCW 9.68.010. However, the superior court expressed no opinion as to whether the facts constituted a violation of the obscenity statute.

We are of the view the trial court ruled prematurely on this matter. There was no testimony taken, nor were the conferences between counsel and the court recorded and transcribed. No statement of facts was filed in this appeal. The only information as to what happened in the trial court comes to us in stipulated facts as follows:

> The matter was then set for trial in the Superior Court on January 6, 1969.
>
> On January 6, 1969, a conference was had with the Honorable John J. Lally, Judge of the Spokane County Superior Court, in reference to the appeal of the defendants from the aforesaid conviction. At that time *Judge Lally refused to let the matter go to trial.* Judge Lally questioned the applicability of the Vagrancy statute under the facts as set out above and suggested that this matter should be settled before trial. He further suggested that the parties stipulate to the facts and that the defendants file a motion to dismiss the complaint against them, which is the subject of this action.

(Italics ours.)

In this appeal, defense counsel did not file a brief or participate in oral argument. The state's brief contends the publication was lewd and that defendants' acts made them disorderly persons under the vagrancy statute. During oral argument the state contended it had additional evidence to present that would prove its charges, including facts establishing that defendants' acts did in fact create disorder. Several times the state contended that all they wanted was

a chance to present their evidence but were denied this right by the superior court's refusal to allow them to proceed.

 We perceive that the superior court was attempting to determine the applicability of the vagrancy statute to this case without a trial. The net effect was to request this court for an advisory opinion based not upon the language of the charge, but based upon facts stipulated by counsel without trial. Appellate courts do not give advisory opinions. *State ex rel. O'Connell v. Kramer,* 73 Wn.2d 85, 436 P.2d 786 (1968); *Grill v. Meydenbauer Bay Yacht Club,* 57 Wn.2d 800, 359 P.2d 1040 (1961). This procedure cannot be condoned. On its face, the charge was not subject to a motion to dismiss. No provision is made in criminal cases for summary judgment procedure. The trial should have proceeded in the normal manner with the defendants' motion to dismiss, if any, being made at the close of the state's case.

For the reasons herein indicated, the judgment of dismissal is reversed and the case remanded for trial in accordance with this opinion.

EVANS, C. J., and MUNSON, J., concur.

---

Petition for rehearing denied April 1, 1970.