[No. 43025.   En Banc.   June 13, 1974.]

THE STATE OF WASHINGTON, *Appellant,* v. JOHN MORTON, *Respondent.*

*Henry R. Dunn, Prosecuting Attorney,* and *C. C. Bridge-water, Jr.,* and *James Warm, Deputies,* for appellant.

*D. L. Donaldson* and *Walstead, Mertsching, Husemoen, Donaldson & Barlow,* for respondent.

HUNTER, J.—The defendant (respondent), John Morton, an elementary school principal in the Woodland School District No. 404, was charged with criminal offenses in four counts of an amended information filed in the Superior Court for Cowlitz County. Count 1 accused the defendant of committing the crime of asking or receiving a bribe (RCW 9.18.020), and charged that the defendant was a person who "executes functions of a public officer" and had unlawfully received $120 as compensation from ALTA Industries, Inc., for an agreement, or understanding that his opinion, judgment, decision and action would be influenced to assist and promote the sale of certain office furniture to the Woodland School District. Count 2 of the amended information accused the defendant of committing the crime of misconduct of a public officer (RCW 42.20.010), and charged that the defendant had been beneficially interested in the office furniture purchase referred to in count 1.

On a different set of facts, count 3 of the amended information accused the defendant of the crime of grand larceny, charging that: (1) the defendant had the possession, custody and control, as administrator, of the Woodland Junior High School associated student body fund; (2) he willfully, and with intent to deprive the owners of the fund thereof, appropriated the sum of $250; and (3) he used said funds to purchase golf clubs for his own personal use. Count 4 in the amended information, charging the defendant with misappropriation and falsification of accounts by a public officer, is not at issue on this appeal.

The defendant entered pleas of not guilty to the counts in the amended information, and a trial before a jury was set

for January 22, 1973. The defendant made a motion to dismiss counts 1 and 2 on the grounds that the defendant was not a public officer, and prior to the trial, before the selection of the jury, the trial judge heard the arguments of counsel and granted the defendant's motion. After the state had presented its evidence, the defendant moved for an order of dismissal of count 3, which was, in effect, granted by the trial judge the following day on the ground that the state had not presented a prima facie case against the defendant on the charge of grand larceny. On February 7, 1973, the order of dismissal was entered, and the State of Washington (appellant) thereafter appealed.

The state contends that the trial court erred in granting the defendant's motion to dismiss counts 1 and 2 before evidence was introduced in support of the charges in the information. We agree.

The statute which the defendant is charged with violating in count 1 is as follows (RCW 9.18.020):

Every executive or administrative officer or person elected or appointed to an executive or administrative office who shall ask or receive, directly or indirectly, any compensation, gratuity or reward, or any promise thereof, upon an agreement or understanding that his vote, opinion or action upon any matter then pending, or which may by law be brought before him in his official capacity, shall be influenced thereby . . . and every judicial officer, *and every person who executes any of the functions of a public office not hereinbefore specified* . . . who shall ask or receive, directly or indirectly, any compensation, gratuity or reward, or any promise thereof, upon an agreement or understanding that his vote, opinion, judgment, action, decision or other official proceeding shall be influenced thereby, or that he will do or omit any act or proceeding or in any way neglect or violate any official duty, shall be punished by imprisonment in the state penitentiary for not more than ten years, or by a fine of not more than five thousand dollars, or by both.

(Italics ours.)

The statute which the defendant is charged with violating in count 2 is the following (RCW 42.20.010):

Every public officer who shall—

. . .

(2) Be beneficially interested, directly or indirectly, in any contract, sale, lease, or purchase which may be made by, through or under the supervision of such officer, in whole or in part, or which may be made for the benefit of his office, or accept, directly or indirectly, any compensation, gratuity, or reward from any other person beneficially interested therein . . .

. . .

Shall be guilty of a gross misdemeanor . . .

RCW 9.01.010, in terms of definition, states:

In construing the provisions of this act, save when otherwise plainly declared or clearly apparent from the context, the following rules shall be observed:

. . .

(24) The words "officer" and "public officer" shall include all assistants, deputies, clerks and employes of any public officer and all *persons exercising or assuming to exercise any of the powers or functions of a public officer.*

(Italics ours.)

█ Under the law in this jurisdiction, the sufficiency of an information or indictment upon which an accused is charged may be properly challenged in some cases by a motion to dismiss. In considering the sufficiency of an information or indictment, however, we must keep in mind the rule that there is no presumption in favor of a pleading charging a crime. Such a pleading must be definite and certain. *State ex rel. Clark v. Hogan,* 49 Wn.2d 457, 303 P.2d 290 (1956).

In the instant case the defendant at no time properly challenged the sufficiency of the information upon the ground that it failed to state a crime, *State v. Newson,* 8 Wn. App. 534, 507 P. 2d 893 (1973), or that the information was too indefinite or uncertain to enable the accused to prepare his defense, *State v. Royse,* 66 Wn.2d 552, 403 P.2d 838 (1965), or upon any other irregularity or defect in the

amended information. Nor did the defendant allege that the statutes, upon which the offenses were based, were unconstitutional. Rather, the defendant was apprised of the nature of both offenses by being charged in the language of the statutes which created the crimes in question. The language in count 1 is as follows:

[A]ccuses JOHN MORTON of the crime of Asking Or Receiving A Bribe, committed as follows: He, the said JOHN MORTON on or about the 4th day of March, 1971, A.D., in the County of Cowlitz, State of Washington, and then and there being, did then and there unlawfully and feloniously receive compensation upon an agreement or understanding with another *that his opinion, judgment, decision and action as a person who executes functions of a public officer shall be influenced thereby,* to-wit: Said John Morton, an elementary school principal in the Woodland School District, No. 404, did receive One Hundred Twenty and No/100 ($120.00) Dollars from ALTA Industries, Inc. as compensation for an agreement, or understanding that said John Morton's opinion, *judgment, decision and action would be influenced to assist and promote the sale of office furniture to said School District,* said act occurring in Cowlitz County, Washington; contrary to the Statute in such cases made and provided and against the peace and dignity of the State of Washington.

(Italics ours.)

Clearly the language of count 1, asserting that the defendant is a public official and exercises the duties of a public officer, comes within the language of RCW 9.18.020. Likewise, as to count 2, the language of the charge comes within the ambit of prohibition of RCW 42.20.010. In this case the defendant has failed to properly raise any objections concerning infirmities in the information upon which he could prevail before this court, and we therefore hold that the allegations in the information are well pleaded.

The defendant, however, argues that his motion for dismissal should have been granted by the trial court since he is not a public officer under counts 1 and 2 of the information, nor is he in any respect employed as a public

officer. The defendant contends that he is a schoolteacher who in no manner exercises the duties of a public officer. We believe the defendant's motion is untimely in this case since the motion was, in effect, a challenge to the sufficiency of the evidence before any evidence had been introduced by the state. Whether or not the defendant was a public officer or executed the functions of a public officer constituted one of the elements of the offenses charged in the information, and was an issue to be necessarily resolved from the evidence in the trial of the case.

In *State v. Tyler*, 77 Wn.2d 726, 466 P.2d 120 (1970), a similar issue was before this court where the defendant assigned error to the failure of the trial court to grant a motion to dismiss a first-degree murder count before the commencement of the trial and before a jury had been impaneled. In that case the defendant's motion to dismiss was based upon want of specific intent to commit the crime, but the court stated the following pertinent rule on page 738:

> Before ruling on a motion to dismiss based on a failure to establish one of the elements of the crime charged, the court must apply the familiar test that the evidence and all reasonable inferences to be drawn from it will be considered in a light most strongly against the challenger and most favorably to the opposing party. *State v. Woody*, 73 Wn.2d 179, 437 P.2d 167 (1968); *State v. Holbrook*, 66 Wn.2d 278, 401 P.2d 971 (1965); *State v. Jesse*, 65 Wn.2d 510, 397 P.2d 1018 (1965). *The court could not test the sufficiency of the evidence until it had heard it.* Consequently, defendant's claim made before trial that he was unable to form an intent to commit the crimes charged was premature and properly denied.

(Italics ours.)

In the present case the trial court erred in dismissing counts 1 and 2 before any evidence had been presented by the state. The motion to dismiss may appropriately be made after the conclusion of the state's evidence at the time of the trial; otherwise, the state would be denied the opportunity to introduce evidence supporting the charges

against the defendant in the two respective counts of the information.

As to count 3 of the information, the procedure was entirely different. There the state was permitted to introduce evidence in support of the following charges:

[A]ccuses JOHN MORTON of the crime of Grand Larceny, committed as follows: He, the said JOHN MORTON, on or about the 27th day of March, 1971, A.D., in the County of Cowlitz, State of Washington, and then and there being, did then and there wilfully, unlawfully and feloniously with the intent to deprive the owner thereof did appropriate to his own use property in his possession, custody and control as administrator, of a value in excess of Seventy-Five and No/100 ($75.00) Dollars, belonging to the Woodland Junior High School Associated Student Body Fund, to-wit: Did appropriate approximately Two Hundred Fifty and No/100 ($250.00) Dollars of said fund to purchase golf clubs for the personal use of said John Morton . . .

At the conclusion of the state's case, the defendant moved for a dismissal on the grounds of the insufficiency of the evidence. The evidence in the totality is as follows:

Direct Testimony of Byron Hanke

Q. All right. On March 27, 1971, did you have an occasion to go to Caplan's sport store in Portland, Oregon? A. Yes, I did. Q. And who went with you? A. Mr. Morton. Q. All right, and do you remember if any purchases were made at that time? A. Yes. At that time Mr. Morton purchased a set of golf clubs. Q. All right, and do you know how he paid for these clubs? Let me rephrase that. Not from what you maybe have learned later, but did you know at that time how the payment of the golf clubs was being arranged? A. Yes. I was with Mr. Morton at the check stand, or the cash register, and he had indicated that he was making payment through the Woodland School District in some fashion. Q. It was a charge? A. Yes.

Direct Testimony of Grade School Secretary

Q. I show you what's marked for identification as Exhibit Number 4, ask you if you can identify that? A. Yes, I can. Q. And as what? A. Check register for the bank account. Q. For which fund? A. Junior High ASB. Q. Just

as it says across the top there? A. Yes. Q. And in March, 1971, do you know whose care and control and custody this register was in? A. Oh, it was in our office, and in — well, it was in Mr. Morton's office. Q. Who made the entries in it during that period of time? A. Most of the time, Mr. Morton. Q. All right. Most of the time? A. Yes, I have made some. Q. I will ask you one more question then. Did you make this entry on March 29th, Check 426? A. No. I didn't.

Exhibit No. 4 was a ledger sheet which indicated that as to a $250 purchase, the entry "golf" may have been altered to show that the purchase was for "F.B.," purportedly meaning football equipment.

■ Viewing the evidence presented by the state upon the charge in count 3, with all reasonable inferences to be drawn from it in a light most strongly against the defendant and most favorably to the state, this court takes notice that the state has failed to offer proof that the defendant ever received the golf clubs for his personal use, or that the golf clubs were not delivered to the school, or that there was not a golf program at the school, or that the clubs purchased could not have been used by the students of the school in a golf program. Under this record, the trial court properly granted the defendant's motion for dismissal of count 3 of the information upon the grounds of insufficiency of the evidence.

The judgment of the trial court is reversed as to its dismissal of counts 1 and 2 of the information, and the case is remanded for trial on those counts.

The judgment of the trial court is affirmed as to its dismissal of count 3 of the information.

HALE, C.J., and FINLEY, ROSELLINI, HAMILTON, STAFFORD, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.