COMMONWEALTH *vs.* RUSSELL CLARK.

Plymouth. Sèptember 11, 1984. — November 21, 1984.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Homicide. Practice, Criminal,* Indictment, Bill of particulars, Dismissal.

An indictment following the form for "Manslaughter" appended to G. L. c. 277, § 79, was sufficient to charge a defendant with involuntary manslaughter. [363-364]

Particulars furnished by the Commonwealth in a manslaughter case, although they bound the Commonwealth as to the form of the indictment and the proof, could not render the indictment insufficient. [364]

The judge in a manslaughter case could not dismiss the indictment, over the Commonwealth's objection, for insufficiency of the contemplated evidence where it appeared that the stipulations and offer of proof before the judge did not contain all of the Commonwealth's contemplated evidence. [364-366]

INDICTMENT found and returned in the Superior Court Department on September 2, 1981.

A motion to dismiss was heard by *Francis Keating,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*Robert S. Sinsheimer,* Assistant District Attorney (*Bruce W. Edmands,* Assistant District Attorney, with him) for the Commonwealth.

*David G. Nagle, Jr.,* for the defendant.

HENNESSEY, C.J. On September 2, 1981, the defendant was indicted for manslaughter in the death of three year old Nicholas DiStefano. The child died on August 14, 1981, from injuries suffered as the result of beatings administered by his mother, Catherine DiStefano, on August 8, 1981. She was subsequently convicted of murder in the second degree and sentenced to life imprisonment. For the ten months preceding the victim's death,

both Catherine and Nicholas DiStefano lived with the defendant in a single family house owned and occupied by Clark's parents. The defendant was never married to Catherine DiStefano.

In response to the defendant's motion for particulars, the Commonwealth set forth the time, place, manner and means of the defendant's conduct with respect to the victim's death. By oral stipulation the Commonwealth then limited its particulars, striking all allegations that Clark inflicted any of the injuries which caused the child's death. The sole remaining charge against the defendant was that he, "acting either alone or together with Catherine DiStefano, deliberately and intentionally failed timely to seek or provide the medical attention, diagnosis, care and treatment necessary to sustain the life of Nicholas DiStefano after he had suffered the aforesaid injuries, or failed to do so with reckless disregard for the consequences of such failure." The defendant then moved to dismiss the indictment on the grounds that (1) the indictment does not allege a crime, and (2) the evidence is not sufficient to warrant a conviction of the defendant of any crime.

A Superior Court judge, after hearing, allowed the defendant's motion to dismiss, and the Commonwealth appealed. The parties then jointly filed a "stipulated record on appeal," which included their offers of proof to the Superior Court judge. We transferred the case to this court on our own motion.

The parties, in their stipulation, state that their efforts to acquire a transcript of the Superior Court hearing which resulted in dismissal of the indictment have been unsuccessful, and the record before us does not show any findings or rulings of the judge other than his allowance of the motion to dismiss. However, the parties have stipulated that the "basis" for the dismissal was the judge's conclusion that a crime had neither been "alleged nor committed" because the defendant "owed no duty to the victim to seek medical attention, nor was the existence of a duty in any way even alleged."

It is unusual, to say the least, for the judge's reasoning to be explicated by stipulation of the parties. Ordinarily, on a record like this one, it might be necessary for us to remand the case to the Superior Court for a statement of the judge's rea-

soning and the ground or grounds upon which he relied. No such remand is necessary, however, because we conclude that, on the record before him, the judge could not appropriately dismiss the indictment on either of the grounds asserted by the defendant.

1. *Sufficiency of the Allegations.*

In a ruling on a motion to dismiss for failure to state a crime, the judge is confined to a consideration of defects appearing on the face of the indictment. *Commonwealth* v. *Geagan,* 339 Mass. 487, 495, cert. denied, 361 U.S. 895 (1959). *United States* v. *Slobodkin,* 48 F. Supp. 913, 915 (D. Mass. 1943). See G. L. c. 277, § 47A. In the present case the indictment charged that Russell Clark "did assault and beat Nicholas DiStefano and by such assault and beating did kill said Nicholas DiStefano." The face of the indictment cited G. L. c. 265, § 13, which prescribes the punishment for manslaughter.[1] The language of the Commonwealth's indictment follows the proposed form of manslaughter annexed to G. L. c. 277, § 79.[2] A different form is suggested for a case where neglect of a legal duty is charged.[3] However, the penalty for both voluntary and involuntary manslaughter is governed by G.L. c. 265, § 13.

[1] According to G. L. c. 265, § 13, as appearing in St. 1971, c. 426, "[w]hoever commits manslaughter shall . . . be punished by imprisonment in the state prison for not more than twenty years or by a fine of not more than one thousand dollars and imprisonment in jail or a house of correction for not more than two and one half years."

[2] General Laws c. 277, § 79, reads: "The provisions of this chapter, and the forms hereto annexed, shall apply as well to complaints as to indictments, and such forms shall be sufficient in cases to which they are applicable. In other cases, forms as nearly like the forms hereto annexed as the nature of the cases and the provisions of law will allow may be used; but any other form of indictment or complaint authorized by law may be used.

". . . .

"*Manslaughter.* (Under Chap. 265, § 13.) — That A.B. did assault and beat C.D., and by such assault and beating did kill C.D."

[3] "*Manslaughter by negligence.* — That A.B., being under the legal duty, and being of sufficient ability to provide C.D., who was his spouse, with sufficient food and drink for sustenance and maintenance, did neglect and refuse so to do; by reason whereof said C.D., being unable to provide sufficient food and drink, became and was mortally sick and died." G. L. c. 277, § 79, as appearing in St. 1978, c. 379, § 15.

Therefore, we have held that a general manslaughter indictment, as was returned in this case, is sufficient to charge a defendant with involuntary manslaughter. *Commonwealth* v. *Welansky,* 316 Mass. 383, 395 (1944). See *Commonwealth* v. *Arone,* 265 Mass. 128, 129 (1928). This is particularly true where, as here, "[t]he defendant had the benefit of specifications that were fully as complete and detailed as were necessary for compliance with the Constitution or for fairness to him." *Welansky, supra* at 396.

The defendant argues that the indictment is deficient because the bill of particulars fails to allege his legal duty to provide the victim with medical care. This contention confuses the purpose and effect of specifications in a bill of particulars. "The purpose is to give a defendant reasonable knowledge of the nature and character of the crime charged . . ., and the effect, when filed, is to bind and restrict the Commonwealth as to the scope of the indictment and to the proof to be offered in support of it. . . . The specifications in a bill of particulars furnished by the Commonwealth in a criminal case do not, however, have the effect of derogating from an indictment which sufficiently avers a crime cognizable under our law." *Commonwealth* v. *Iannello,* 344 Mass. 723, 726 (1962). See cases cited in *Commonwealth* v. *Hare,* 361 Mass. 263, 268 n.9 (1972). As a rule the sufficiency of an indictment "should be judged without regard to the bill of particulars." *Id.* at 268.

Our conclusion is that the indictment could not properly be dismissed for failure to allege a crime.

2. *Sufficiency of the Evidence.*

We summarize the evidence in the light most favorable to the Commonwealth. Nicholas DiStefano, a three year old child, died as a result of injuries inflicted upon him on August 8, 1981, by his mother, Catherine DiStefano, who subsequently was convicted of murder in the second degree and sentenced to life imprisonment. The beatings were administered between the hours of 5:30 A.M. and 9:30 A.M. Subsequent to 9:30 A.M. on August 8, 1981, the victim manifested physical signs of extreme illness that could have been apparent to a lay person. These signs included the child's inability to focus his eyes; par-

tial loss of consciousness; severe vomiting; large bruises and a rash visible on his body; repeated moaning and inability to converse. Russell Clark was aware of these symptoms but did nothing to see that the victim was treated by a physician until Clark's parents arrived home from vacation shortly after 6 P.M. on August 8, at which time they immediately noticed the need for hospitalization. The defendant's father, along with the victim's mother, drove the child to the hospital. During his ten-month period of cohabitation with Catherine DiStefano, the defendant lived in the same house with the victim and at times the victim called the defendant "Daddy."

Upon a defendant's pretrial motion to dismiss, an indictment may be dismissed for insufficiency of the contemplated evidence, over the Commonwealth's objection, only if the Commonwealth agrees to join in the affidavit procedure outlined in *Commonwealth* v. *Brandano,* 359 Mass. 332 (1971), or in a stipulation of facts. *Rosenberg* v. *Commonwealth,* 372 Mass. 59, 63 (1977). Such a dismissal is, of course, subject to appellate review. Invoking the procedure rests in the discretion of the judge. *Id.* at 62.

It may fairly be concluded that the judge here intended to act in his discretion under the *Brandano* procedure and that insufficiency of the evidence was a ground of his ruling upon the motion to dismiss. Nevertheless, the stipulations and offers of proof before him were not appropriate under *Brandano* because of the inclusion of this clause: "These facts *and others the Commonwealth alleges,* give rise to an inference that the defendant acted as father toward the victim; an inference defendant vigorously disputes" (emphasis added). In *Rosenberg* v. *Commonwealth, supra* at 63, we said: "A pre-trial order or judgment of dismissal for the claimed insufficiency of the Commonwealth's evidence cannot be sustained in any case where the Commonwealth failed or refused to stipulate that the appellate record contains a statement of all the Commonwealth's contemplated evidence. To hold otherwise would, in some cases, deny to the prosecution its privilege to establish evidence of guilt by compelling testimony at the trial from witnesses who were not cooperative prior to trial."

Since neither we nor (as far as we can discern) the judge below knows what facts constitute the "others the Commonwealth alleges," dismissal of the indictment upon this record would be equivalent to a holding that only a parent, guardian or person entrusted with legal custody of a child may have a duty to procure medical care for the child's injuries. Some jurisdictions have imposed parental duties upon nonparents where the total facts warrant an inference of an "in loco parentis" relationship between the adult and child. See, e.g., *Robinson* v. *State,* 254 So. 2d 379, 381 (Fla. Dist. Ct. App. 1971); *People* v. *Hefley,* 109 Ill. App. 3d 74, 77 (1982); *Bowers* v. *State,* 38 Md. App. 21, 31-32 (1977); *State* v. *Healey,* 562 S.W.2d 118, 128-129 (Mo. Ct. App. 1978); *State* v. *Smith,* 485 S.W.2d 461, 467 (Mo. Ct. App. 1972). However, this court has never had occasion to confront the latter proposition and we decline to do so at this time and upon this record. Only when all relevant evidence is disclosed can a ruling upon the sufficiency of the evidence be appropriately made.

The order allowing the motion to dismiss is reversed and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*