[No. 52173-5. En Banc. December 4, 1986.]

THE STATE OF WASHINGTON, *Petitioner*, v. DOUGLAS W. KNAPSTAD, *Respondent*.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for petitioner.

*Julie A. Kesler* and *Dori Jones* of *Washington Appellate Defender Association,* for respondent.

DORE, J.—Douglas W. Knapstad was charged with possession of a controlled substance, to wit: marijuana, with intent to manufacture or deliver. RCW 69.50.401(a)(1). The trial court dismissed the charges prior to trial on the basis that the State had insufficient evidence as a matter of law to support a conviction. The Court of Appeals affirmed, stating that the trial court had the inherent authority to dismiss an information prior to trial. We affirm and take this opportunity to clarify the procedures for pretrial dismissals of criminal charges for insufficiency of evidence to support a conviction.

## FACTS

Douglas Knapstad and his brother Gary were jointly charged with possession of approximately 160 grams of marijuana which the police found in a box hidden in the attic of a residence in Mountlake Terrace. (The seizure of the box has not been challenged.) Before the omnibus hearing, the prosecutor informed defense counsel·that the State had decided to invoke the informant's privilege and

therefore would not call the informant as a witness at trial. (Evidently a confidential informant had told the police that the Knapstad brothers were selling or using marijuana in the house where it was seized.) Douglas Knapstad then moved to dismiss the charge against him, arguing that the State could not prove either actual or constructive possession without the informant's testimony. Defense counsel conceded that "my motion would be more timely brought at the end of the State's case," but said that "the interest of due administration of justice and other considerations would warrant the court in at least inquiring of the prosecutor what evidence they have to make a prima facie case. . . ." Report of Proceedings, at 3.

The prosecutor described the State's evidence as follows: (1) Douglas Knapstad's brother Gary was a resident of the house where the marijuana was found; Gary had also been present when the search warrant was executed; (2) Drug paraphernalia was found in common areas of the house; (3) A gasoline credit card receipt issued to Douglas Knapstad several months prior to the search was found in a dresser drawer in one of the bedrooms. Knapstad's address on the receipt is not the same as that of the residence in which the marijuana was found; (4) The police found a traffic ticket which Douglas Knapstad had been issued about 2 weeks before the search; the ticket showed Douglas Knapstad's address as other than that of the house where the marijuana was found; (5) The investigating officer saw Douglas Knapstad's vehicle parked at the searched residence on three occasions prior to the search; each time the vehicle was seen after 2 a.m.

The trial court held that, "even considering all reasonable inferences [from this evidence] most favorably to the State . . ., there is insufficient . . . evidence tending to prove that Doug Knapstad owned or had knowledge, control, or possession of the subject marijuana or that he was a resident" of the searched house. Clerk's Papers, at 4. The court held that prosecuting Knapstad under these circumstances would amount to arbitrary action on the part of the

State. The court granted Knapstad's motion to dismiss the information.

The Court of Appeals affirmed, holding that the trial court has the inherent power to dismiss a prosecution prior to trial when it is apparent that the State has insufficient evidence to take the case to a jury. *State v. Knapstad,* 41 Wn. App. 781, 706 P.2d 238, *review granted,* 105 Wn.2d 1001 (1985).

### PRETRIAL DISMISSAL FOR INSUFFICIENT EVIDENCE

The State does not contend that it could present any evidence against Knapstad other than that introduced in the omnibus hearing. It is clear that this evidence is insufficient as a matter of law to prove that Knapstad actually or constructively possessed marijuana. *Compare State v. Partin,* 88 Wn.2d 899, 906–07, 567 P.2d 1136 (1977) (evidence of constructive possession held sufficient to go to a jury) *with State v. Callahan,* 77 Wn.2d 27, 459 P.2d 400 (1969) (evidence held insufficient). No rational trier of fact could have found beyond a reasonable doubt the essential elements of the crime. *State v. Green,* 94 Wn.2d 216, 220–21, 616 P.2d 628 (1980). Fairness and judicial efficiency both demand that in such a case a procedure be made available to the trial court to dismiss the prosecution prior to trial for insufficient evidence.

Contrary to the assertion of the State, *State v. Morton,* 83 Wn.2d 863, 523 P.2d 199 (1974) is not controlling. In *Morton* the defendant asked the trial court to decide a *disputed* factual question of whether the defendant was a public official, as charged in the information, or a school teacher, as he alleged. "Public official" was defined by statute to include every person who executes or assumes to execute any of the functions or powers of a public officer. *Morton,* at 865–66. This court held that the trial court could not test the sufficiency of the evidence on this issue until the conclusion of the State's case at trial. *Morton,* at 868–69. Unlike the instant prosecution, the parties in *Morton* did not agree that the material facts were uncontro-

verted. Put simply, the State in *Morton* could not be denied the opportunity to introduce evidence supporting the charge that the defendant was executing a function of a public officer. The case relied upon in *Morton* similarly involved a disputed factual issue. *See State v. Tyler,* 77 Wn.2d 726, 466 P.2d 120 (1970), *vacated in part,* 408 U.S. 937, 33 L. Ed. 2d 756, 92 S. Ct. 2865 (1972). The defendant in *Tyler* wanted the court to decide, on the basis of three psychiatrists' opinions, that the defendant had been unable to form specific intent at the time of the crimes charged. This court concluded that the trial court had properly allowed the jury to determine this factual question. *Tyler,* at 737–38.

As the Court of Appeals recognized, Knapstad did not ask the court to resolve any disputed factual questions. The court was instead asked to decide whether the State's evidence, if believed, was legally sufficient to support a conviction. The State as much as concedes that a conviction is unwarranted in this prosecution. Nonetheless, the State argues that it is entitled to proceed with the prosecution because the trial court lacks authority to dismiss the case until the State's evidence is presented to the trier of fact. This is an artificial requirement, and the additional expense in keeping this case alive is unwarranted.

The State contends that the Superior Court Criminal Rules do not provide for a summary judgment type procedure. The only court rule the trial court cited was CrR 8.3(b), which allows a court to dismiss a prosecution "in the furtherance of justice". This court has previously confined its interpretation of CrR 8.3(b) dismissals to require a showing of arbitrary action or governmental misconduct. *See State v. Laureano,* 101 Wn.2d 745, 682 P.2d 889 (1984); *State v. Dailey,* 93 Wn.2d 454, 610 P.2d 357 (1980); *State v. Burri,* 87 Wn.2d 175, 550 P.2d 507 (1976); *State v. Starrish,* 86 Wn.2d 200, 544 P.2d 1 (1975). The principal standard for the charging decision is the prosecution's ability to prove all elements of the charge. *State v. Campbell,* 103 Wn.2d 1, 26, 691 P.2d 929 (1984), *cert. denied,* 471 U.S.

1094, 85 L. Ed. 2d 526, 105 S. Ct. 2169 (1985); *State v. Judge,* 100 Wn.2d 706, 713, 675 P.2d 219 (1984); *State v. Lee,* 87 Wn.2d 932, 934, 558 P.2d 236 (1976). The requirement of ability to prove the crime is also set forth in standard 3–3.9 of the American Bar Association standards on the prosecution function.

It is unprofessional conduct for a prosecutor to institute, or cause to be instituted, or to permit the continued pendency of criminal charges when it is known that the charges are not supported by probable cause. A prosecutor should not institute, cause to be instituted, or *permit the continued pendency of criminal charges in the absence of sufficient admissible evidence to support a conviction.*

(Italics ours.) 1 American Bar Ass'n, *Standards for Criminal Justice,* Std. 3–3.9(a) (2d ed. 1980). Insistence by the State on proceeding in the face of clear inability to make a jury issue thus may constitute arbitrary action permitting the trial court to invoke CrR 8.3(b).

Construing its counterpart to CrR 8.3(b), the Supreme Court of Montana has held that where there are insufficient facts to bring a defendant to trial, the court may dismiss the information. *State v. Cole,* 174 Mont. 380, 571 P.2d 87 (1977) (decided under the Montana statute providing that the court may, on its own motion and in furtherance of justice, order an information dismissed). *See also State v. Luchetti,* 87 Nev. 343, 486 P.2d 1189 (1971) (information dismissed for insufficient evidence to establish constructive possession).

Nonetheless, we need not determine whether CrR 8.3(b) provides the trial court with the express authority to test the sufficiency of the evidence in these circumstances. Ample case authority exists supporting the trial court's inherent power to dismiss under similar circumstances. In *State v. Gallagher,* 15 Wn. App. 267, 549 P.2d 499 (1976) the court held that a trial court may dismiss charges after the State's opening statement to a jury when it is clear beyond doubt that the statement affirmatively includes

factual matter which constitutes a complete defense to the charge or *expressly excludes factual matter essential to a conviction.* The court reasoned that, when some fact is clearly stated leaving only an isolated and determinative issue of law, the court may resolve that issue. *Gallagher,* at 270.

The court in *State v. Maurer,* 34 Wn. App. 573, 577, 663 P.2d 152 (1983) held that the trial court has the power to dismiss a criminal prosecution before trial without prejudice if the facts as alleged by the State, if true, would not prove the charge.

> Although it is true that no statute or rule authorizes the specific action the court took here, it does not follow that the court was powerless to act. The sufficiency of a charge may be challenged in a proper case by a motion to dismiss (*State v. Morton,* 83 Wn.2d 863, 523 P.2d 199 (1974)), and the trial court has inherent power to dismiss for insufficiency of the charge. *State ex rel. Clark v. Hogan,* 49 Wn.2d 457, 303 P.2d 290 (1956). Indeed, a trial court has inherent power in a proper case to dismiss on the State's opening statement. *State v. Gallagher,* 15 Wn. App. 267, 549 P.2d 499 (1976). However, the trial court cannot presume to resolve factual issues if the charge is sufficient on its face. *See State v. Maloney,* 1 Wn. App. 1007, 465 P.2d 692 (1970). As we said in *Gallagher,* "when some fact is clearly stated or admission is expressly made, leaving only an isolated and determinative issue of law, the court may resolve that issue." *Gallagher,* 15 Wn. App. at 270. In our view, this rationale underlies the inherent power of the court when it is confronted with any pretrial factual challenge. We therefore hold that if the State's pleadings clearly put the case in the posture of an isolated and determinative issue of law, the trial court has the power to rule on that issue. If a proper ruling requires dismissal, the court is empowered to dismiss, but without prejudice.

(Footnote omitted.) *Maurer,* at 576–77.

Thus, a trial court may dismiss if the State's pleadings including any bill of particulars, are insufficient to raise a jury issue on all elements of the charge. Akin to *Gallagher* and *Maurer,* when the material facts of a prosecution are

not in dispute, the case is in the posture of an isolated and determinative issue of law as to whether the facts establish a prima facie case of guilt.

In the case below, the trial court held that, "even considering all reasonable inferences [from this evidence] most favorably to the State . . ., there is insufficient . . . evidence tending to prove that Doug Knapstad owned or had knowledge, control, or possession of the subject marijuana or that he was a resident" of the searched house. Clerk's Papers, at 4. The court therefore properly granted Knapstad's motion to dismiss the information.

Nevertheless, the State is correct in its assertion that there should be a clarification of the procedure for ruling on such motions. Several questions we need to address are: (1) when such a motion should be filed; (2) whether the State's evidence should be presented by affidavit or by in–person testimony; (3) whether a summary of the State's evidence is sufficient; and (4) whether the State can refile the charge if it obtains new evidence after the case is dismissed. The State suggests that these questions are the proper subject of formal rulemaking proceedings pursuant to GR 9. While we are in basic agreement, we will not prohibit the trial court from exercising its inherent authority to dismiss a criminal prosecution where the State lacks sufficient evidence to support a conviction. The defendant should not be required to be tried on an unsupportable criminal charge solely because this court has not promulgated a rule governing pretrial motions. Trial courts are often asked to decide procedural questions which have not before arisen and for which there exist no formal, written rules. Trial courts must necessarily have some inherent authority to devise appropriate rules in such situations. This court will later determine whether these actions are a proper exercise of the trial court's authority.

The question, then, is whether the trial court abused its authority by proceeding as it did. We find the trial court's actions appropriate and take this opportunity to clarify this pretrial motion procedure by this opinion and suggest a

formal rule be considered subsequently, if necessary.[1]

We find guidance in this matter from our sister jurisdictions of Massachusetts and Florida which have established procedures which govern pretrial motions to dismiss for lack of a prima facie case. The Massachusetts procedure was promulgated by opinion in *Commonwealth v. Brandano,* 359 Mass. 332, 269 N.E.2d 84 (1971). The *Brandano* procedure provides that when dismissal is proposed by the defendant or by the judge without consent of the State, the defendant shall file an affidavit in support of dismissal which shall contain all facts and law relied upon in justification of dismissal. The State may file a counter affidavit, and, as to matters contained in the affidavits which are in dispute, there shall be a hearing, unless the judge concludes that on the face of the affidavits the "interests of justice" do not warrant a dismissal. If the judge concludes that the "interests of justice" require a dismissal, findings of fact and reasons for the action must be entered. The State has a right to appeal. *Brandano,* at 337. The use of the *Brandano* procedure to test the sufficiency of evidence received approval in *Rosenberg v. Commonwealth,* 372 Mass. 59, 63, 360 N.E.2d 333 (1977):

> Further, it is obvious that, in a case like the instant cases where dismissal is requested because of the claimed insufficiency of the evidence of guilt, it cannot be ordered unless the Commonwealth agrees to join in the affidavit procedure or in a stipulation of the facts. A pre–trial order or judgment of dismissal for the claimed insufficiency of the Commonwealth's evidence cannot be sustained in any case where the Commonwealth failed or refused to stipulate that the appellate record contains a statement of all the Commonwealth's contemplated evidence. To hold otherwise would, in some cases, deny to the prosecution its privilege to establish evidence of guilt by compelling testimony at the trial from witnesses who were not cooperative prior to trial. There undoubtedly will be cases where all the circumstances, including the

---

[1] GR 9(i) provides that this court, in its discretion, may adopt, amend, or rescind a rule without following formal rulemaking procedures.

mutual interest of the prosecutor and the defendant in avoiding a lengthy trial, will recommend to all the use of the *Brandano* type of procedure. Possible avoidance of the defendant's ordeal in participating in what may be an unnecessary trial is a compelling consideration; not the least consideration is the possible avoidance of substantial and unnecessary public expense.

(Footnote omitted.) *Accord, Commonwealth v. Clark*, 393 Mass. 361, 471 N.E.2d 349 (1984).

The procedure in Florida is promulgated in the Florida Rules of Criminal Procedure. Fla. R. Crim. P. 3.190(c)(4) provides that the court may entertain a motion to dismiss on the following grounds:

There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant. The facts on which such motion is based should be specifically alleged and the motion sworn to.

Fla. R. Crim. P. 3.190(d) further provides:

The State may traverse or demur to a motion to dismiss which alleges factual matters. Factual matters alleged in a motion to dismiss shall be deemed admitted unless specifically denied by the State in such traverse. The court may receive evidence on any issue of fact necessary to the decision of the motion. A motion to dismiss under paragraph (c)(4) of this rule shall be denied if the State files a traverse which denies under oath a material fact alleged in the motion to dismiss. Such demurrer or traverse shall be filed a reasonable time before the hearing on the motion to dismiss.

If the motion to dismiss is granted, the court may order the defendant held in custody or admitted to bail for a reasonable, specified time pending the filing of a new indictment or information. If no new indictment or information is filed the defendant shall be discharged. Fla. R. Crim. P. 3.190(e).

The committee notes to these rules indicate that this procedure will permit a pretrial determination of the law of the case where the facts are not in dispute. In a sense, this is somewhat similar to summary judgment proceedings in civil cases, but a dismissal under this rule is not a bar to a

subsequent prosecution. Committee Note, Fla. R. Crim. P. 3.190.

In *State v. Pettis,* 397 So. 2d 1150 (Fla. Dist. Ct. App. 1981) the court stated that the function of a Fla. R. Crim. P. 3.190(c)(4) motion to dismiss is to ascertain whether the facts which the State relies upon to constitute the crime charged, and on which it will offer evidence to prove it, do, as a matter of law, establish a prima facie case of guilt. The motion to dismiss should be granted only where the construction most favorable to the State would not establish a prima facie case of guilt. In considering a Fla. R. Crim. P. 3.190(c)(4) motion, the trial court may neither try to determine factual issues, nor may it consider the weight of conflicting evidence or the credibility of witnesses in determining whether there exists a genuine issue of material fact. If material factual allegations in the motion are denied or disputed in the traverse, denial of the motion to dismiss is mandatory. *Accord, State v. Lewis,* 463 So. 2d 561 (Fla. Dist. Ct. App. 1985); *State v. Upton,* 392 So. 2d 1013 (Fla. Dist. Ct. App. 1981); *State v. Hunwick,* 446 So. 2d 214 (Fla. Dist. Ct. App. 1984).

■ These two procedures, with some slight modification, contain the necessary and desired safeguards and still serve the purpose of avoiding a trial when all the material facts are not genuinely in issue and could not legally support a judgment of guilt. A Washington defendant should initiate the motion by sworn affidavit, alleging there are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt. The affidavit must necessarily contain with specificity all facts and law relied upon in justification of the dismissal. Unless specifically denied, the factual matters alleged in the motion are deemed admitted. The State can defeat the motion by filing an affidavit which specifically denies the material facts alleged in the defendant's affidavit. If material factual allegations in the motion are denied or disputed by the State, denial of the motion to dismiss is mandatory. If the State does not deny the undisputed facts or allege other material

facts, the court is required to ascertain in the omnibus hearing whether the facts which the State relies upon, as a matter of law, establish a prima facie case of guilt. If the motion is granted the court must enter a written order setting forth the affidavits and other materials it has considered and its conclusion regarding the insufficiency of the evidence. Since the court is not to rule on factual questions, no findings of fact should be entered. The court has the discretion to order the defendant held in custody or admitted to bail for a reasonable, specified time pending the filing of a new indictment or information. If no new information is filed the defendant would be discharged.

A defendant has no right to appeal a denial of the motion to dismiss. RAP 2.2(a). The State has a right of appeal. RAP 2.2(b). A dismissal and discharge under this procedure is not a bar to a subsequent prosecution for the same offense based on additional evidence.

The proceedings in the trial court below essentially complied with this procedure. The defendant initiated the motion by sworn affidavit alleging with specificity that the undisputed material factual allegations did not establish a prima facie case of criminal possession. The State did not respond by affidavit, but summarized its evidence in the hearing on the motion in essentially the same fashion as set forth by the defendant's motion. The trial court considered this undisputed evidence with all reasonable inferences most favorably to the State and held that there was insufficient evidence of a prima facie case.

We affirm.

UTTER, BRACHTENBACH, PEARSON, and GOODLOE, JJ., concur.

DURHAM, J. (dissenting)—The majority opinion directly conflicts with our previous case law and circumvents this court's traditional rulemaking process. Therefore, I dissent.

This court has twice held that a trial court does not have the inherent power to dismiss criminal charges before trial

based on insufficient evidence to obtain a conviction. *State v. Morton,* 83 Wn.2d 863, 523 P.2d 199 (1974); *State v. Tyler,* 77 Wn.2d 726, 466 P.2d 120 (1970), *modified on other grounds in* 408 U.S. 937 (1972). The majority attempts to distinguish *Morton* and *Tyler* on the ground that they both involved factual disputes which a jury would have to resolve. The majority's position is that a pretrial motion to dismiss can be granted if it raises only legal issues. However, a close examination of *Tyler* reveals that no such distinction between factual and legal issues exists. In *Tyler,* the defendant moved before trial to dismiss the charge against him. He argued that the evidence was insufficient for a jury to convict him. Although this court characterized the motion as raising only legal issues, we held that the motion was untimely, noting that: "The court could not test the sufficiency of the evidence until it had heard it. Consequently, defendant's claim made before trial . . . was premature and properly denied." *Tyler,* at 738. Thus, the majority's distinction is illusory. As I read *Tyler,* pretrial motions to dismiss a criminal charge based on an insufficiency of the evidence must be denied, even if only issues of law are raised. The majority's opinion cannot be justified absent an explicit overruling of *Tyler.*

Equally troubling is the manner in which the majority establishes an entirely new procedure for criminal trials. Such sweeping changes are better adopted through this court's rulemaking procedures than by opinion. GR 9; RCW 2.04.190. Rulemaking is appropriate because all interested and affected parties are given the opportunity to be heard on the proposal. Certainly in the case of a proposed procedure for the pretrial dismissal of criminal actions, this court would want to receive comments from prosecutors, defense counsel, the Superior Court Judges Association, and others on the possible consequences of the new rule. GR 9(e). The purposes of the rulemaking process are worth noting here:

In promulgating rules of court it is the purpose of the Washington State Supreme Court to ensure that:
(1) An orderly and uniform procedure is followed;

(2) *All interested groups are given notice and an opportunity to express views regarding proposed rules*; (3) Adequate notice of adopted rules changes and of the effective dates is given; (4) All proposed rules are necessary statewide; (5) Rules changes are minimized to prevent disruption of court practice; (6) The purpose of rules of court is to provide necessary governance of court procedure and practice; and (7) All rules of court are clear and definite in application.

(Italics mine.) GR 9(a).

Upon receiving comments on such a proposed rule, we would then be in the best position to adopt, reject, or modify it. To adopt a rule with sweeping implications for criminal procedure by opinion, thus circumventing the rule-making procedure, is precipitous.

DOLLIVER, C.J., and ANDERSEN and CALLOW, JJ., concur with DURHAM, J.