# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

2017 JUL 24 AM 10:33

COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76731-3-I |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| S.W., | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: July 24, 2017 |

SPEARMAN, J. — In a criminal case, the State may only appeal the final decision of a trial court if its effect is to abate or discontinue the case, other than by a judgment or verdict of not guilty. At a pretrial hearing, the trial court dismissed without prejudice the charge of harassment – threat to kill against S.W. A dismissal without prejudice does not abate or discontinue a case because the State may refile. The trial court's dismissal is not appealable, so we decline to review this issue and affirm.

## FACTS

On November 9, 2015, a writing was found on a classroom desk at Centralia High School. It said, "'Ima shoot up the school – 11/10'" followed by "Sir Kills-a-lot" Clerk's Papers (CP) at 2; Verbatim Report of Proceedings (VRP) at 4. An investigating officer compared the handwriting to student school assignments and found that it appeared to belong to S.W. The officer confirmed that S.W. sat

at the desk on November 9. S.W. first denied the allegations, but later confessed to the officer, saying that she had intended to erase the writing but forgot.

S.W. was charged in juvenile court with harassment – threat to kill. At a pretrial hearing on December 22, 2015, the State and S.W. agreed to a deferred disposition. But the trial court questioned whether the evidence before it— the declaration of probable cause—contained sufficient information to support an adjudication of guilt. The State offered that the threat to shoot up the school was followed by "Sir Kills-a-Lot." VRP at 4-5. The court found that "there is not sufficient evidence there to show that any person, any specific person, was threatened here or other person was threatened. There's no mention of a finding of a—of an intent to threaten to kill. So for those two reasons, she's not guilty of this, and I'm going to dismiss the case." VRP at 7.

The State requested a one week continuance. The court denied the request and dismissed the charge without prejudice. The State moved for reconsideration, which the court denied.

## DISCUSSION

The State argues that the trial court abused its discretion when, on its own motion, it dismissed the charge without prejudice.

When a deferred disposition is granted in juvenile court, the respondent is found guilty upon stipulated facts, and disposition is deferred pending satisfaction of conditions of supervision that the court specifies. RCW 13.40.127. If the juvenile completes all supervision conditions, the conviction will be vacated and the case dismissed with prejudice. Id. Here, the trial court declined to enter the

deferred disposition because it found that the stipulated facts did not support a finding of guilt. Then the trial court dismissed the case without prejudice.

Rules of Appellate Procedure (RAP) 2.2(b) enumerates the decisions of the superior court that may be appealed by the State:

> **(b) Appeal by State or a Local Government in Criminal Case.** Except as provided in section (c), the State or a local government may appeal in a criminal case only from the following superior court decisions and only if the appeal will not place the defendant in double jeopardy:
>
> (1) *Final Decision, Except Not Guilty.* A decision that in effect abates, discontinues, or determines the case other than by a judgment or verdict of not guilty, including but not limited to a decision setting aside, quashing, or dismissing an indictment or information, or a decision granting a motion to dismiss under CrR 8.3(c).

Here, the State seeks to appeal a dismissal without prejudice. "[I]n general, the State cannot appeal dismissals without prejudice because such dismissals do not discontinue or abate the case." State v. Kiliona-Garramone, 166 Wn. App. 16, 21, 267 P.3d 426 (2011) (quoting State v. Taylor, 150 Wn.2d 599, 602, 80 P.3d 605 (2003)). In Kiliona-Garramone, the court found an exception to this general rule because the statute of limitations had run so the dismissal without prejudice effectively discontinued the case. There is no such problem here. The statute of limitations for the charged crime is three years, so the State can refile the charge. RCW 9A.04.080(h). Because the State is not precluded from refiling against S.W., the dismissal without prejudice is not a final, appealable decision.

The disposition of this case is distinct from appealable pre-trial dismissals with prejudice under State v. Knapstad, 107 Wn.2d 346, 729 P.2d 48 (1986).

While the trial court likened its decision to a dismissal pursuant to Knapstad, this case was dismissed without prejudice. Thus, it is not appealable under Knapstad.

The State's attempt to shape the court's dismissal into a CrR 8.3 appealable decision is similarly unconvincing. The court did not dismiss the case under CrR 8.3(b) or (c). It did not mention the rule in rendering its decision. In addition, to invoke CrR 8.3(c) would have required, among other things, a written motion by the defendant and a written order dismissing the case setting forth the evidence relied on by the court and conclusions of law. These procedures were not employed here. This is not an appealable CrR 8.3(b) or (c) decision.

Dismissed and remanded.

WE CONCUR:

_Spearman, J._

_Trickey, ACJ_

_Mann, J._