IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 38630-9-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| JOSEPH JAMES KOZIOL, | ) | |
| | ) | |
| Respondent. | ) | |

COONEY, J. — The State appeals the trial court's dismissal of Joseph Koziol's bail jumping charge. Mr. Koziol was charged with one count of bail jumping after he allegedly failed to appear at a status hearing on August 19, 2019, for a pending charge of unlawful possession of a controlled substance. Following the Supreme Court's decision in *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021), the trial court dismissed Mr. Koziol's unlawful possession of a controlled substance charge. With the underlying charge dismissed, Mr. Koziol then moved the trial court to dismiss the bail jumping charge, arguing he could not be prosecuted due to the underlying charge, for which his order of release was imposed, being unconstitutional. The trial court, without the benefit of this court's decision in *State v. Paniagua*, 22 Wn. App. 2d 350, 511 P.3d 113, *review denied*, 200 Wn.2d 1018, 520 P.3d 970 (2022), agreed and dismissed the bail jumping charge with prejudice.

The State argues the trial court erred in dismissing the bail jumping charge in light of *Paniagua*. Mr. Koziol contends *Paniagua* fails to address the question of whether the trial court has jurisdiction over an ongoing bail jumping prosecution where there was never a constitutionally valid criminal charge to support an order of release.

We reverse and remand for further proceedings.

BACKGROUND

On January 11, 2019, the State charged Joseph Koziol with one count of unlawful possession of a controlled substance and one count of use of drug paraphernalia. The trial court ordered conditions of pretrial release, including the imposition of a $5,000 bond. On March 18, 2019, over the State's objection, the trial court granted Mr. Koziol's motion for release on his own recognizance based, in part, on the entry of a notice of settlement. A week later, Mr. Koziol failed to appear at a scheduled plea and sentencing hearing. A month later, Mr. Koziol appeared before the trial court and revoked the notice of settlement. The trial court entered a new scheduling order on April 29, 2019, which set a status hearing for June 17. Mr. Koziol appeared in court on June 17 as ordered and waived his right to a speedy trial. The trial court set a status hearing for August 19 and reset trial to September 3. Mr. Koziol then failed to appear on August 19. On August 28,

the trial court found probable cause for the charge of bail jumping under former

RCW 9A.76.170 (2001)[1] and ordered a bench warrant for Mr. Koziol's arrest.

In February 2021, the Washington Supreme Court delivered its opinion in *Blake*,

which held the portion of RCW 69.50.4013(1) that related to simple unlawful drug

possession offenses, violated the due process clauses of the state and federal constitutions

and was therefore void. *Blake*, 197 Wn.2d at 195. Relying on *Blake*, the State moved to

dismiss Mr. Koziol's charge of unlawful possession of a controlled substance. The trial

court granted the motion. With the possession of a controlled substance charge

dismissed, Mr. Koziol then moved to dismiss the bail jumping charge under Criminal

Rule (CrR) 8.3, arguing the trial court lacked authority to order any conditions of release

related to the unlawful possession of a controlled substance charge. The State opposed

the motion, asserting the bail jumping charge remained viable despite the

unconstitutionality of the underlying offense.

---

[1] Former RCW 9A.76.170 (2001) stated,

> (1) Any person having been released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance before any court of this state, . . . and who fails to appear . . . is guilty of bail jumping.

The State charged Mr. Koziol under subsection (3)(c), which designated bail jumping as "[a] class C felony if the person was held for, charged with, or convicted of a class B or class C felony." Former RCW 9A.76.170(3)(c). Here, the underlying unlawful possession charge was a class C felony. *See* Clerk's Paper's at 17-18.

Over the State's objection, the trial court granted Mr. Koziol's motion and dismissed the bail jumping charge with prejudice. The trial court concluded the *Blake* decision rendered former RCW 69.50.4013(2) (2017) "totally inoperative," and reasoned "if it was unconstitutional to prosecute an individual for this offense then the imposition of any conditions of release related to the offense would likewise be unconstitutional." Clerk's Papers (CP) at 46; *see also* Rep. of Proc. at 11-12. The trial court added it would not exercise its discretion "to selectively pick, and validate, aspects of a criminal prosecution that was based on a statute that has been determined to be unconstitutional on its face." CP at 46.

The State timely appealed.

## ANALYSIS

The State contends the trial court erred when it dismissed Mr. Koziol's bail jumping charge. We agree.

A defendant may move to dismiss a charge "due to insufficient evidence establishing a prima facie case of the crime charged." CrR 8.3(c); *see also State v. Knapstad*, 107 Wn.2d 346, 356-57, 729 P.2d 48 (1986). A *Knapstad* motion should be granted and a criminal charge dismissed if there are "no disputed material facts and the undisputed facts do not raise a prima facie case of guilt as a matter of law." *State v. Bauer*, 180 Wn.2d 929, 935, 329 P.3d 67 (2014) (citing *Knapstad*, 107 Wn.2d at 356-57).

4

In deciding a defendant's motion, "the court shall view all evidence in the light most favorable to the prosecuting attorney and the court shall make all reasonable inferences in the light most favorable to the prosecuting attorney." CrR 8.3(c)(3). We review a trial court's decision on a motion to dismiss de novo. *State v. Barnes*, 189 Wn.2d 492, 495, 403 P.3d 72 (2017).

Mr. Koziol was charged with bail jumping under former RCW 9A.76.170 (2001). There are three elements of bail jumping: "(1) the accused was held for, charged with, or convicted of a crime, (2) the accused possessed knowledge of the requirement of a subsequent personal appearance, and (3) the accused failed to appear as required." *Paniagua*, 22 Wn. App. 2d at 357; *see* former RCW 9A.76.170(1) (2001).

In granting Mr. Koziol's motion, the trial court reasoned the prosecution could not proceed because the underlying unlawful possession of a controlled substance charge, which imposed his conditions of release, was unconstitutional. Stated otherwise, because the conditions of Mr. Koziol's release were imposed on an invalid offense, he was never subject to a valid order of release that required his appearance in court. The State contends the dismissal was erroneous in light of *Paniagua*, where this court interpreted the elements of the former bail jumping statute and rejected the argument that bail jumping required proof of a valid predicate crime.

Mr. Koziol relies on the description of the first element of bail jumping used in

*State v. Williams*, 162 Wn.2d 177, 188, 170 P.3d 30 (2007), *abrogated on other grounds*,

*State v. Bergstrom*, 199 Wn.2d 23, 502 P.3d 837 (2022), to allege that the first element of

bail jumping requires a person to be held for, charged with, or convicted of a "'particular

crime.'" *See* Br. of Resp't at 6. The language of *Williams* Mr. Koziol cites is lifted from

*State v. Pope*, where the court interpreted a different version of the bail jumping statute

to determine whether failing to appear at a probation hearing would fall within the

purview of the statute. 100 Wn. App. 624, 626-28, 999 P.2d 51 (2000); *see* former

RCW 9A.76.170 (1983). While the language of *Pope* is instructive, there is no reason to

question the particularity of the crime underlying Mr. Koziol's bail jumping charge.

In *Paniagua*, this court recently considered whether, in the context of a

defendant's offender score, a bailing jumping conviction under former RCW 9A.76.170

(2001) was invalid when the conviction was predicated on an unlawful possession of a

controlled substance conviction. *Paniagua*, 22 Wn. App. 2d at 353-54. Though its focus

was on the validity of the bail jumping conviction, this court specifically examined the

elements required to prove the offense of bail jumping. *Id.* at 356-57. Under former

RCW 9A.76.170 (2001), the same statute under which Mr. Koziol was charged, this court

concluded that the first element of bail jumping only required proof that the defendant

"be under charges at the time of the failure to appear." *Id.* at 356. In interpreting the

6

statute, the court expressed there was no implied element "that the charge underlying the bail jumping must be valid at the time the defendant failed to appear." *Id.* at 357. Accordingly, we held that a constitutionally valid, "predicate crime does not constitute an element of bail jumping." *Id.* at 356.

Although this appeal requires us to review the bail jumping statute from a different procedural posture, our analysis of former RCW 9A.76.170 (2001) in *Paniagua* controls. Like the holding in *Paniagua*, in *State v. Downing* Division Two of this court reviewed the same bail jumping statute and concluded, "the State is not required to prove that a defendant was detained under a constitutionally valid conviction." 122 Wn. App. 185, 193, 93 P.3d 900 (2004). The unconstitutionality of a statute under which Mr. Koziol was charged did not excuse his failure to appear.

The record supports a prima facie case that Mr. Koziol was under charges (i.e. RCW 69.50.4013) (2017)), understood and was aware of his obligation to appear against such charges, and failed to appear on August 19, 2019. The particularity of the underlying crime does not demand proof at all stages of criminal proceedings that the statute supporting the predicate offense be constitutionally valid. Such a result would confound the legislature's intent to effectuate the orderly administration of justice. *Paniagua*, 22 Wn. App. 2d at 359. Had Mr. Koziol questioned the constitutionality of the

underlying charge, his remedy was "to seek a declaration of the unconstitutionality of the statute, not flee from justice." *Id.* at 359.

Mr. Koziol fails to distinguish his case from *Paniagua*. Instead, foreseeing the impact of *Paniagua*, he attempts to compel a different outcome by contending that, because the unlawful possession of a controlled substance statute is and has always been a legal nullity, the trial court lacked jurisdiction to hold him on that charge as "Washington courts only have criminal jurisdiction over a person who commits a crime." Br. of Resp't at 5.[2] His argument lacks legal support. If followed to its logical end, Mr. Koziol posits that a court lacks jurisdiction wherever a defendant has been accused of, but not yet convicted of, a crime.[3] Although Mr. Koziol cites RCW 10.16.080 to support his contention that the trial court lacked jurisdiction, the statute demonstrates the opposite. RCW 10.16.080 addresses frivolous and malicious complaints, stating that "[i]f it should appear . . . that no offense has been committed, or that there is not probable cause for charging the defendant with an offense, he or she shall be discharged." The

---

[2] Mr. Koziol relies on RCW 9A.04.030 for this assertion, which is titled "State criminal jurisdiction." (Boldface omitted.) However, the title of the section has no legal weight and the text of the section defines who is subject to punishment, not who is subject to the court's jurisdiction. *See* RCW 9A.04.010(5) ("Chapter, section, and subsection captions are for organizational purposes only and shall not be construed as part of this title.").

[3] *See also State v. Posey*, 174 Wn.2d 131, 135, 272 P.3d 840 (2012) (noting Washington superior courts have original jurisdiction over all criminal felony cases).

statute addressing discharge at the preliminary hearing says nothing about the trial court's authority to hear a case in the first place. Mr. Koziol never invoked this statute in his motion to dismiss and it lacks significance on appeal.

Because the State presented sufficient facts to establish a prima facie case for the charge of bail jumping, the trial court erred when it granted Mr. Koziol's motion to dismiss. Accordingly, we reverse and remand for further proceedings.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Cooney, J.

WE CONCUR:

Fearing, C.J.

Staab, J.