[No. 16652-6-II.   Division Two.   March 6, 1995.]

THE CITY OF PORT ORCHARD, *Petitioner*, v. DELMAR L. TILTON, *Respondent*.

*Jeffrey David Goodwin, Darrell D. Uptegraft,* and *McCluskey, Sells, Ryan, Uptegraft & Decker,* for petitioner.

*William Henry Broughton, Marc David Gianneschi,* and *Broughton & Gianneschi,* for respondent.

MORGAN, J. — The City of Port Orchard (the City) charged Delmar Tilton with failure to sign an acknowledgment of

receipt of a notice of infraction. The Superior Court dismissed the charge, and the City appealed. We affirm.

On May 18, 1991, a Port Orchard police officer stopped Tilton for speeding. The officer filled out a notice of infraction that contained the following statement: "Without admitting having committed each of the above infractions/offenses, I promise to respond as directed on this notice". The officer demanded that Tilton sign on a line printed beneath this statement, but Tilton refused.

The officer then charged Tilton with "failure to sign notice of infraction" and obstructing a public servant. A municipal court jury acquitted of obstructing but convicted of failure to sign.[1]

Tilton appealed the failure-to-sign conviction to Superior Court, which ordered a trial de novo.[2] Before such trial was held, however, Tilton filed a motion to dismiss based on *State v. Knapstad*, 107 Wn.2d 346, 729 P.2d 48 (1986). In essence, he asserted that the City, as a matter of law, could not produce evidence sufficient to prove the charge.[3] The Superior Court ruled

> that the language which defendant refused to endorse is not language whereby he acknowledges receipt of a notice of infraction. Hence, the motion must be granted and the cause dismissed.

Clerk's Papers, at 11-12.

RCW 46.61.021(3) provides:

> Any person requested to identify himself to a law enforcement officer pursuant to an investigation of a traffic infraction has a duty to identify himself, give his current address, and sign an acknowledgement of receipt of the notice of infraction.

RCW 46.61.022 provides in part:

---

[1]The officer also gave Tilton a speeding ticket, which resulted in a $38 fine.

[2]Apparently, the Port Orchard Municipal Court was not a court of record when Tilton was tried.

[3]In documents submitted in connection with the motion, the City and Tilton agreed to the facts we have recited. At least implicitly, they also stipulated that the City had no other evidence.

> Any person who wilfully fails to . . . comply with RCW 46.61.021(3), is guilty of a misdemeanor.

These statutes apply in Port Orchard by virtue of Port Orchard Municipal Code § 10.04.010.

Tilton argues that he cannot be guilty of violating these statutes because he was not asked to acknowledge, and he did not refuse to acknowledge, receipt of a copy of the traffic infraction. His premise is that promising to appear in court is different from acknowledging receipt of a copy of a document, and that he was only asked to make a promise to appear in court.

■ We agree. A person does not acknowledge receipt of a copy of a document merely because he or she promises to appear in court. Nor does a person decline to acknowledge receipt of a copy of a document merely because he or she declines to promise to appear in court. Thus, Tilton did not refuse to acknowledge receipt of a copy of the notice of infraction merely because he declined to promise to appear in court, and the City's evidence is insufficient to prove the facts needed to convict under RCW 46.61.021(3).

■ Our conclusion is supported by the fact that if we held otherwise, we would allow Tilton to be convicted for refusing to make a promise that he had a right not to make. As the City conceded at oral argument, a motorist stopped for a traffic infraction has no legal duty to promise to appear in court; if he or she refuses to make such a promise, he or she can be taken to jail, but he or she does not commit a crime merely by virtue of the refusal. Former RCW 46.63.060 (Laws of 1984, ch. 224, § 2); RCW 46.64.015; former RCW 46.64.020(2) (Laws of 1988, ch. 38, § 1(2)).[4] Thus, Tilton had a right not to prom-

---

[4] At the times material here, former RCW 46.63.060(2) (Laws of 1984, ch. 224, § 2) provided in part:

"(2) The . . . notice of traffic infraction . . . shall include the following:

". . . .

"(j) A statement, which the person shall sign, that the person promises to respond to the notice of infraction in one of the ways provided in this chapter;

"(k) A statement that failure to respond to a notice of infraction as promised is a misdemeanor and may be punished by a fine or imprisonment in jail."

RCW 46.64.015 provides in part:

"Whenever any person is arrested for any violation of the traffic laws or regulations which is punishable as a misdemeanor or by imposition of a fine, the arrest-

ise to appear in court, and it would be irrational to convict him of a crime because he exercised that right.

Nothing said herein means that an officer cannot ask a motorist to "copy receive" a traffic citation, or that the motorist who refuses such a request cannot be convicted under RCW 46.61.021(3). We hold only that a motorist who declines to make a promise to appear in court does not, by that act alone, refuse to acknowledge receipt of a copy of a traffic citation.

Affirmed.

BRIDGEWATER, J., and UTTER, J. Pro Tem., concur.

---

ing officer may serve upon him or her a traffic citation and notice to appear in court. Such citation and notice shall conform to the requirements of RCW 46.64.010, and in addition, shall include spaces for the name and address of the person arrested, the license number of the vehicle involved, the driver's license number of such person, if any, the offense or violation charged, the time and place where such person shall appear in court, and a place where the person arrested may sign. Such spaces shall be filled with the appropriate information by the arresting officer. The arrested person, in order to secure release, and when permitted by the arresting officer, must give his or her written promise to appear in court as required by the citation and notice by signing in the appropriate place the written citation and notice served by the arresting officer . . .. The detention arising from an arrest under this section may not be for a period of time longer than is reasonably necessary to issue and serve a citation and notice, except that the time limitation does not apply under any of the following circumstances:

"(1) Where the arrested person refuses to sign a written promise to appear in court as required by the citation and notice provisions of this section;"

At the times material here, former RCW 46.64.020(2) (Laws of 1988, ch. 38, § 1(2) provided in part:

"Any person violating his or her written and signed promise to appear in court or his or her written and signed promise to respond to a notice of traffic infraction, as provided in this title, is guilty of a misdemeanor regardless of the disposition of the charge upon which he or she was originally arrested or the disposition of the notice of infraction: . . .." Thus, it was not a crime to fail to make a promise to appear in court, but it was a crime to fail to perform a promise to appear in court.