Mary C. McQueen, Administrator Administrative Office of the Courts P. O. Box 41170 Olympia, WA 98504-1170
Dear Ms. McQueen:
By letter previously acknowledged, you seek our opinion on a question that we paraphrase as follows:
Is the recipient of a "notice of traffic infraction" or a "trafficcitation and notice to appear" entitled to receive a copy of the noticeor citation that bears the recipient's signature?
 SHORT ANSWER
For the reasons expressed below, we conclude that under current law, the recipient of a "notice of traffic infraction" under RCW 46.63 or a "traffic citation and notice to appear" under RCW 46.64 must be served with a notice or citation that bears his or her signature, assuming the person signed the document.
 BACKGROUND AND ANALYSIS
Your inquiry explains that a project is underway to develop a system for writing notices and citations electronically. You explain that providing the person charged with a copy of the citation that he or she has signed, as is currently done, would be difficult without requiring the person to sign two copies. Your inquiry uses the terms "infraction citation", "notice of infraction", "citation", and "citation form" to describe the document about which you inquire. For purposes of this opinion, we assume that your inquiry concerns either a "notice of traffic infraction", as that term is used in RCW 46.63.060, or a "traffic citation and notice to appear" under RCW 46.64.015.[1] We address these documents in that order.
 Notice of Traffic Infraction
The legal obligation to respond to a notice of traffic infraction is created by RCW 46.63.070 and is triggered by receipt of a notice of infraction:
Any person who receives a notice of infraction shall respond to such notice as provided in this section within fifteen days of the date of the notice.
RCW 46.63.070(1) (emphasis added).
Similarly, under Infraction Rules for Courts of Limited Jurisdiction (IRLJ), the rules governing traffic infraction proceedings, a traffic infraction case is "initiated by the issuance, service, and filing of a notice of infraction". IRLJ 2.2(a) (emphasis added). The notice of infraction may be served by the citing officer at the time the notice is issued, or by the court, by personal service on such person, or by mail. See IRLJ 2.2(c).[2]
From these statutes and rules, it seems apparent that the person must be served with the "notice of infraction". That being the case, your question becomes whether a notice of traffic infraction includes the person's signature where that has been provided. In our view it does, because statutes and court rules (discussed below) define a notice of traffic infraction to include the person's signature where the signature is provided.
RCW 46.63.060(2) prescribes the required content of a notice of traffic infraction. Much of the statutorily prescribed content apprises the person of his or her legal obligations with respect to the notice, including the obligation to respond to the notice within a prescribed period, options for responding to the notice, and consequences of failing to respond. In addition, the statute requires a notice of traffic infraction to contain a statement, to be signed by the person, promising to respond to the notice.
The form for the notice of traffic infraction shall be prescribed by rule of the supreme court and shall include the following:
(j) A statement, which the person shall sign, that the person promises to respond to the notice of infraction in one of the ways provided in this chapter.[3]
RCW 46.63.060(2)(j) (emphasis added).
Failure to respond to the notice of traffic infraction has serious consequences. Upon such failure, the court notifies the Department of Licensing, and the Department suspends the person's license to drive. RCW46.63.060(2)(h), .070(6); RCW 46.20.289. In addition, City of PortOrchard v. Tilton, 77 Wn. App. 178, 180-81, 889 P.2d 953 (1995), indicates that failure to sign the promise to respond to a notice of infraction authorizes the person's arrest. Moreover, apart from demonstrating that the person is on notice of his or her obligation to respond, it is reasonable to conclude that the person's signature promising to respond helps bring that obligation home.
Accordingly, based on the foregoing statutes and court rules, we conclude that RCW 46.63.070 and IRLJ 2.2(a) and (c) require service of the notice of infraction on the person named in it in order to trigger the obligation to respond and to initiate judicial proceedings on the infraction. We further conclude that RCW 46.63.060 and IRLJ 2.1(b) define a notice of traffic infraction to include the person's signature on a promise to respond where a signature is provided. Thus, we conclude that the law presently requires the person to be served with a notice of infraction bearing his or her signature.
 Traffic Citation and Notice to Appear
We reach the same conclusion with respect to a traffic citation and notice to appear under RCW 46.64 for essentially the same reasons. RCW46.64.015 describes the components of a traffic citation and notice to appear to include a place for the arrested person's signature. It provides:
Such citation and notice . . . shall include spaces for the name and address of the person arrested, the license number of the vehicle involved, the driver's license number of such person, if any, the offense or violation charged, the time and place where such person shall appear in court, and a place where the person arrested may sign.
RCW 46.64.015 (emphasis added).
The requirement that a traffic citation and notice to appear contain a written promise to appear section also is reflected in Criminal Rules for Courts of Limited Jurisdiction (CrRLJ) that govern prosecution of such proceedings. CrRLJ 2.1(b)(3)(v) provides that a citation and notice to appear shall include or have attached to it "a space for the person to sign a promise to appear." CrRLJ 2.1(b)(4) states that "[t]o secure his or her release, the person must give his or her written promise to appear in court as required by the citation and notice served."
The person's signature on the promise to appear section of a traffic citation and notice to appear has legal significance for several purposes. As with a notice of traffic infraction, the person's signature indicates that the person is on notice of the requirement, and failure to appear as promised results in suspension of the person's driver's license. RCW 46.64.025; RCW 46.20.289. In addition, the person's signature is required in order for the person to be promptly released from custody. RCW 46.64.015. Finally, failure to appear as promised may result in issuance of a warrant for the person's arrest. CrRLJ 2.5. In a different context, the promise to appear portion of a citation has been described as an "essential feature" and attempting to obtain the arrestee's signature as "necessary to the discharge of [an officer's] public duties." State v. Richards, 109 Wn. App. 648, 655, 36 P.3d 1119
(2001).
As is the case with a notice of traffic infraction, governing statutes and court rules contemplate that the person will be served with the traffic citation and notice to appear.
Whenever any person is arrested for any violation of the traffic laws or regulations which is punishable as a misdemeanor or by imposition of a fine, the arresting officer may serve upon him or her a traffic citationand notice to appear in court. . . . The arrested person, in order to secure release, and when permitted by the arresting officer, must give his or her written promise to appear in court as required by the citation and notice by signing in the appropriate place the written citation andnotice served by the arresting officer[.]
RCW 46.64.015 (emphasis added). CrRLJ 2.1(b)(1) and (4) are to the same effect. In addition, not unlike a notice of traffic infraction, a traffic citation and notice to appear, when signed by the citing officer, is deemed a lawful complaint for purposes of initiating proceedings on the offense charged. CrRLJ 2.1(b)(6).
Based on the foregoing statutes and court rules, we conclude that the law presently defines a traffic citation and notice to appear to include the person's signature where one has been provided. We further conclude that these statutes and rules require service of the notice of infraction on the person to initiate proceedings on the citation. Accordingly, we conclude that the law presently requires the person to be served with a notice of infraction bearing his or her signature where the person has signed the citation and notice to appear.
We trust that this opinion fully responds to the question that you posed and that it will be of some assistance to you.
Sincerely,
 MAUREEN A. HART Senior Assistant Attorney General
[1] RCW 43.63.060 concerns civil traffic infractions. By contrast, RCW46.64.015 addresses traffic violations punishable criminally as misdemeanors or by fines.
[2] This rule also authorizes service of traffic infraction notices for illegally parked, standing, or stopped vehicles (circumstances when the operator is not present) by affixing the citation to the vehicle. In these cases, the rule provides that a signed promise to respond is not a required part of the notice of infraction. See ILRJ 2.1(b).
[3] RCW 46.63.070 allows a choice of responses to a notice of traffic infraction. The person may choose to contest the infraction, not contest the infraction but explain mitigating circumstances, or not contest the infraction at all and pay the amount of the monetary penalty. RCW46.63.070.