[No. 46616.   En Banc.   May 1, 1980.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID S.
DAILEY, *Petitioner.*

*Peter G. Rothschild,* for petitioner.

*Russell B. Juckett, Prosecuting Attorney,* and *James B.
Roche, Deputy,* for respondent.

STAFFORD, J.—In this case the trial court dismissed a negligent homicide charge prior to trial. The Court of Appeals reversed the trial court and remanded the cause for trial. We reverse the Court of Appeals.

On February 10, 1975, defendant David Dailey and Terry Pope were in an automobile which crossed the highway centerline striking another vehicle and killing its driver. Two and one half years later an information was filed charging both Dailey and Pope with negligent homicide.

At an omnibus hearing conducted on September 23, 1977, the State was ordered to provide Dailey with certain information including laboratory reports relating to the collision. The State was also ordered to provide the names and addresses of all witnesses to the occurrence. Dailey moved for a bill of particulars to determine whether the State intended to charge him or Pope as the driver of the automobile. The motion was continued until September 26, 1977, and the trial date was set for November 7, 1977.

On September 26, 1977, the motion for the bill of particulars was again continued on the State's suggestion that additional pleadings not yet filed would render the motion moot. On October 28, 1977, however, the motion was granted upon the State's failure to file any new pleadings mooting the issue. At that time the State orally indicated Dailey would be charged as the driver. The court also learned, for the first time, that the State had failed to provide Dailey with any of the information or laboratory reports outlined orally at the omnibus hearing of September 23, 1977. When questioned about the month–long delay, the State offered no reasonable explanation. Dailey also moved to dismiss the case on due process grounds, alleging the State had improperly permitted evidence to be destroyed, and that it had failed to file the information in a timely manner. The motion was continued until November 2, 1977, at the State's request. Late Friday afternoon, October 28, 1977, the State at last delivered the information and laboratory reports listed in the omnibus order.

On November 2–3, 1977, Dailey's motion to dismiss was argued and denied. The trial court did, however, give Dailey an opportunity for a continuance. Dailey indicated he was "still prepared to go to trial Monday morning . . ." Additionally, on November 3, 1977, only 2 court days before trial, the State filed pleadings dismissing the charge against Pope.

On November 4, 1977, the Friday before the Monday trial, the State finally furnished the supplemental list of witnesses required by the omnibus order filed October 28. The original information filed on August 12, 1977, had indicated only 5 persons were to be called as State's witnesses. The supplemental list increased that number to 16.

On the day of trial, November 7, 1977, Dailey again moved to dismiss the negligent homicide charge, contending the State's actions had violated due process. While characterizing the State's conduct as "reprehensible", the trial court denied the motion, and instead offered Dailey a continuance. Dailey thereupon suggested the alternative of proceeding to trial with the original list of witnesses and excluding the additional witnesses named in the State's tardy supplement list. Thereafter the court stated: "This Court's going to rule that you either try it with the original list of witnesses or I'll dismiss it." The State argued it could not try the case with only the witnesses originally listed in the information. The trial court then dismissed the case. The State appealed. The Court of Appeals reversed the trial court and remanded the cause for trial.

■ CrR 8.3(b) authorizes a trial court to dismiss any criminal prosecution "on its own motion in the furtherance of justice".[1] This power to dismiss is discretionary and is reviewable only for manifest abuse of discretion. *State v.*

---

[1] CrR 8.3(b) provides:

"The court on its own motion in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution and shall set forth its reasons in a written order."

*Burri,* 87 Wn.2d 175, 550 P.2d 507 (1976); *State v. Sulgrove,* 19 Wn. App. 860, 578 P.2d 74 (1978). We have previously interpreted CrR 8.3(b) to require a showing of arbitrary action or governmental misconduct before dismissal of a prosecution is appropriate. *State v. Burri, supra; State v. Starrish,* 86 Wn.2d 200, 544 P.2d 1 (1975). However, we have made it clear that "governmental misconduct" need not be of an evil or dishonest nature, simple mismanagement is sufficient. *State v. Sulgrove, supra.*

The Court of Appeals held the trial court's ultimate decision to dismiss was not based upon CrR 8.3(b). Rather, the court reasoned, since "the trial court's ultimate decision to dismiss depended upon its approval of defense counsel's suggestion that it could require the State to proceed only with certain witnesses", the court acted pursuant to CrR 4.7(h)(7)(i), which provides:

(7) *Sanctions.*
(i) If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or an order issued pursuant thereto, the court may order such party to permit the discovery of material and information not previously disclosed, grant a continuance, dismiss the action or enter such other order as it deems just under the circumstances.

*State v. Dailey,* 23 Wn. App. 233, 236, 596 P.2d 1351 (1979). The Court of Appeals also concluded the trial court's decision to dismiss constituted a suppression of evidence, the State having been presented with the choice of calling only its original witnesses or having the case dismissed. The Court of Appeals held such "suppression" to be improper because CrR 4.7(h)(7)(i) does not include the right to suppress evidence. *State v. Stamm,* 16 Wn. App. 603, 559 P.2d 1 (1976); *State v. Glasper,* 12 Wn. App. 36, 527 P.2d 1127 (1974); *State v. Peele,* 10 Wn. App. 58, 516 P.2d 788 (1973). We need not rule on the correctness of the court's characterization of the trial court's actions or on the remedies available under CrR 4.7(h)(7)(i). Clearly, the trial court dismissed the prosecution on the basis of CrR 8.3(b).

The trial court's oral opinion establishes that its decision to dismiss was based on the numerous incidents of prosecutorial mismanagement that occurred throughout the proceedings. The court commented:

> Based on the whole record, the affidavits and materials provided by Mr. Rothschild [defendant's attorney] when the motion was originally heard, together with this late list of witnesses furnished Friday afternoon . . . I think the whole thing has become a farce.
>
> . . .
>
> So, I think simply, there's got to be a denial of due process in the way this whole thing has been handled, and I'll issue an order dismissing it.

In its subsequent *written* order dismissing the information, the court stated:

> and the court being convinced that as a result of the actions of the . . . [State], that the defendant cannot be given a trial consistent with the dictates of due process and the basic notions of fair play, and that the only remedy consistent with due process is to dismiss the cause[.]

Additionally, in its *written* order denying the State's motion for reconsideration, the court reiterated:

> Upon going over the entire record, I am still of the opinion that the State has disregarded the fundamental constitutional guidelines as well as the criminal court rules . . . and, I might add, even the order of this Court.

■ Despite earlier oral statements made by the trial court, its formal written decisions clearly indicate the court dismissed the criminal prosecution "in the furtherance of justice" pursuant to CrR 8.3(b). We have previously stated that a trial court's oral statements are "no more than a verbal expression of [its] informal opinion at that time . . . necessarily subject to further study and consideration, and may be altered, modified, or completely abandoned." *Ferree v. Doric Co.*, 62 Wn.2d 561, 567, 383 P.2d 900 (1963). Even a trial court's oral decision has no binding or final

effect unless it is formally incorporated into findings of fact, conclusions of law, and judgment. *Ferree v. Doric Co., supra* at 567; *Clifford v. State,* 20 Wn.2d 527, 148 P.2d 302 (1944); *Seidler v. Hansen,* 14 Wn. App. 915, 547 P.2d 917 (1976). The written decision of a trial court is considered the court's "ultimate understanding" of the issue presented. *Diel v. Beekman,* 7 Wn. App. 139, 499 P.2d 37 (1972). *See also Thompson v. Thompson,* 9 Wn. App. 930, 934, 515 P.2d 1004 (1973).

Having concluded the trial court acted pursuant to CrR 8.3(b), we may reverse the decision to dismiss only if there has been a manifest abuse of discretion. *State v. Burri, supra.* In the instant case, the State violated applicable court rules and specific trial court orders throughout the course of the proceedings. CrR 4.7(a)(1) requires the prosecuting attorney to disclose to the defendant numerous items of information no later than the omnibus hearing. Most of the information included in the September 23 omnibus order fell within CrR 4.7(a)(1)(i)–(vi), the discovery rules, yet the State did not comply with the order until October 29, 1977, over 1 month later. Moreover, the names and addresses of the State's witnesses were not disclosed until November 4, 1977, less than 1 court day before trial. Further, the State was dilatory in its compliance with the bill of particulars and extremely late in its dismissal of the charges against codefendant Pope. Finally, in oral argument before this court the State conceded it had indeed been negligent in its handling of the case. Without question the record amply supports the trial court's dismissal of the criminal prosecution under CrR 8.3(b).

In fairness to all parties involved, it should be noted that the deputy prosecuting attorney who argued the case on appeal before this court was not the one responsible for mismanagement of the case at the trial court level.

The Court of Appeals is reversed and the order of the trial court is reinstated.

UTTER, C.J., and ROSELLINI, WRIGHT, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.