FILED
COURT OF APPEALS
DIVISION II

2014 JUL -1 AM 8:47

STATE OF WASHINGTON

BY_____
                    DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43951-4-II |
| Appellant, | |
| v. | |
| JEFFREY DEAN TUCHECK, | UNPUBLISHED OPINION |
| Respondent. | |

WORSWICK, J. — During Jeffrey Tucheck's jury trial on multiple drug offense charges, the trial court determined that the State failed to timely disclose crime scene photographs to the defense, and it dismissed the charges against Tucheck. The State appeals the trial court's dismissal order, asserting that (1) Tucheck failed to demonstrate the requisite prejudice to support dismissal under CrR 8.3(b), and (2) the trial court erred by concluding that the State had committed a *Brady*[1] violation. Additionally, the State asserts that, even assuming that it had violated *Brady* or the rules of discovery, the trial court erred in ordering dismissal of Tucheck's charges because it failed to consider remedies apart from dismissal. Because the trial court did not abuse its discretion in dismissing Tucheck's charges for governmental misconduct under CrR 8.3(b), we affirm.

## FACTS

Police officers executed a search warrant at Tucheck's home in Tacoma, Washington. During the search, police found methamphetamine, scales, packaging materials, cell phones,

---

[1] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

surveillance cameras, and cash. The State charged Tucheck with unlawful possession of a controlled substance with intent to deliver, unlawful use of a building for drug purposes, unlawful use of drug paraphernalia, and unlawful possession of forty grams or less of marijuana. The State also filed charges against Tucheck's roommate, Lisa Balkwill, and joined the cases.[2]

Before trial, Tucheck's defense counsel filed a discovery demand that, among other things, requested the State to produce:

> A list of, copies of, and access to any books, papers, documents, *photographs*, or tangible objects which the Prosecuting Attorney intends to use in the hearing or trial [and a] list of all items or things which were obtained from or belonged to the Defendant, regardless of whether the Prosecutor intends to introduce said items at hearing or trial.

Clerk's Papers (CP) at 85 (emphasis added). Also before trial, the trial court entered omnibus hearing orders signed by the prosecutor, which stated in part that the prosecutor had "provided to defense all discovery in their possession or control, pursuant to CR 4.7(a)" and had "contacted law enforcement agencies to request and/or obtain any additional supplemental police reports, forensic tests, and evidence and has made them available to defendant or defense counsel." CP at 9. The State did not turn over any photographs to the defense before trial.

Pierce County Sheriff's Detective Ray Shaviri testified first at trial. Shaviri described the photographing process that typically occurs during the execution of a search warrant. According to Shaviri, Tucheck admitted to possessing methamphetamine and giving methamphetamine to friends but denied selling it. Shaviri stated that police did not locate any weapons at Tucheck's home.

---

[2] The State does not appeal the trial court's dismissal of Balkwill's charges.

After Shaviri concluded his testimony, the State called Pierce County Sheriff's Deputy Kory Shaffer as a witness. Shaffer briefly testified about various drug-related items found during the search of Tucheck's home before the trial court recessed for the day.

When trial recommenced, the State told the trial court:

> Deputy Shaffer testified on Thursday and he mentioned photos, and when I had looked at the discovery in this case there was no mention anywhere of photos having been taken. Usually that's on the property list, and I didn't see anything on the property list. The State also sent a follow-up request for any further discovery that we maybe have, and I didn't receive anything. But I talked to Kory Shaffer after he testified on Thursday, and he said yes, there should have been further photos. And Detective Shaviri brought them to my office on Friday. I gave them to defense on Friday, around 11:00. I gave them to the defense that afternoon, and I notified both attorneys by email as soon as I got the photos that I had them. [Tucheck's defense counsel] just got his copy this morning.

Report of Proceedings (RP) at 237.[3] The defense then moved for dismissal of all charges under CrR 8.3 and *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). The trial court reserved its ruling on the defense's motion to dismiss to allow parties time to research the issue further, but stated that continuing the case was "not an option" and that it was prepared to either dismiss the case or declare a mistrial. RP at 243. Following a recess, the State asserted that it had disclosed to the defense before trial a police report with a notation indicating "'photos of items of evidence.'" RP at 247.[4] The State then argued that it did not violate *Brady* or the discovery rules because defense counsel was on notice of the photographic evidence that had been in police possession. The trial court orally ruled that the State failed to provide timely notice of the photographic evidence and that the State's failure to disclose the photographs

---

[3] The record on appeal does not contain the approximately 50 photographs at issue.

[4] The record on appeal does not contain a copy of this police report.

prejudiced the defendants. When discussing the possible remedy for the State's failure to timely disclose the crime scene photographs, counsel for both the defendants stated that they opposed a mistrial and that the defendants would not waive their right to be tried by the jury that had been selected. The trial court then orally ruled that it was dismissing Balkwill's charges and that it would hear arguments regarding the remedy for Tucheck's case the following morning.

The next day, after hearing extensive arguments from counsel, the trial court asked whether it could reverse its oral decision to dismiss Balkwill's case. The State responded that it would file a motion to reconsider the trial court's oral ruling dismissing Balkwill's charges. The trial court then recessed to see if Balkwill and her counsel could be present for arguments on the State's reconsideration motion. The trial court reconvened later that same day. Balkwill's counsel stated that Balkwill was unavailable and objected to the hearing. The trial court then ruled that it would dismiss Tucheck's charges and later entered its findings of fact and conclusions of law. The State timely appeals the trial court's order dismissing Tucheck's charges.

## ANALYSIS

We first address whether dismissal was proper under CrR 8.3(b) for a violation of the discovery rules.[5] *Brady*, 373 U.S. at 87 (suppression by prosecution of material evidence favorable to the defendant violates due process); *State v. Hall*, 95 Wn.2d 536, 539, 627 P.2d 101

---

[5] We note that there is a difference between a defendant's due process right to discovery and the prosecutor's discovery obligations under court rule. A criminal defendant's constitutional due process right to discovery extends only to exculpatory or impeaching evidence material to the defendant's guilt or punishment. *Brady*, 373 U.S. at 87; *Strickler v. Greene*, 527 U.S. 263, 280-82, 119 S. Ct. 1936, 144 L. Ed. 2d 286 (1999). In contrast, a prosecutor's discovery obligations under court rule are more extensive. *See* CrR 4.7.

No. 43951-4-II

(1981) (Reviewing courts should not decide constitutional issues "unless absolutely necessary to the determination of the case."). We hold that the trial court did not abuse its discretion in dismissing Tucheck's charges under CrR 8.3(b) and thus we do not reach the constitutional issue presented under *Brady*.[6]

A.      *Standard of Review*

CrR 8.3(b) governs a trial court's dismissal of criminal charges due to governmental misconduct. That rule provides:

> The court, in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial. The court shall set forth its reasons in a written order.

Under CrR 8.3(b), a trial court may dismiss a defendant's charges if the defendant makes two showings. First, the defendant must show arbitrary action or governmental misconduct. *State v. Michielli*, 132 Wn.2d 229, 239-40, 937 P.2d 587 (1997). Such governmental misconduct "need not be of an evil or dishonest nature," rather, "simple mismanagement is sufficient." *State*

---

[6] Tucheck asserts that if we were to reverse the trial court's dismissal order, a retrial would nonetheless be barred by the constitutional prohibition against double jeopardy because he did not consent to the trial court's prior mistrial ruling. The prohibition against double jeopardy protects a defendant's "'valued right to have his trial completed by a particular tribunal.'" *Arizona v. Washington*, 434 U.S. 497, 503, 98 S. Ct. 824, 54 L. Ed. 2d 717 (1978) (quoting *Wade v. Hunter*, 336 U.S. 684, 689, 69 S. Ct. 834, 93 L. Ed. 974 (1949)). Accordingly, where a trial court declares a mistrial over the defendant's objection, double jeopardy principles may prohibit a retrial. *State v. Robinson*, 146 Wn. App. 471, 478-79, 191 P.3d 906 (2008). The right to be tried by a particular tribunal, however, "must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments." *Wade*, 336 U.S. at 689. Thus, a trial court's mistrial ruling over the defendant's objection would not bar retrial if the ruling was justified by a "'manifest necessity.'" *Robinson*, 146 Wn. App. at 479-80. Because we hold that the trial court did not abuse its discretion when it dismissed Tucheck's charges, we need not decide whether a "manifest necessity" justified the trial court's prior mistrial ruling.

5

*v. Dailey*, 93 Wn.2d 454, 457, 610 P.2d 357 (1980). Second, a defendant seeking dismissal under CrR 8.3(b) must also show that such governmental misconduct prejudiced his or her right to a fair trial. *Michielli*, 132 Wn.2d at 240. Dismissal under CrR 8.3 is an extraordinary remedy and, thus, a trial court should consider alternative remedies before resorting to dismissal. *State v. Wilson*, 149 Wn.2d 1, 12, 65 P.3d 657 (2003).

A trial court's power to dismiss under CrR 8.3(b) is discretionary, and we will reverse a trial court's CrR 8.3(b) dismissal ruling only for a "manifest abuse of discretion." *Michielli*, 132 Wn.2d at 240; *State v. Burri*, 87 Wn.2d 175, 183, 550 P.2d 507 (1976). "Discretion is abused when the trial court's decision is manifestly unreasonable, or is exercised on untenable grounds, or for untenable reasons." *State v. Blackwell*, 120 Wn.2d 822, 830, 845 P.2d 1017 (1993). We review a trial court's challenged factual findings for substantial evidence.[7] *State v. Sommerville*, 111 Wn.2d 524, 533-34, 760 P.2d 932 (1988). "Substantial evidence exists if the record contains evidence of sufficient quantity to persuade a fair-minded, rational person of the truth of the declared premise." *Sommerville*, 111 Wn.2d at 534.

B.    *Governmental Misconduct*

The State asserts that substantial evidence does not support the trial court's findings that its untimely disclosure of crime scene photographs to the defense constituted governmental misconduct. The State first argues that there is no evidence in the record to support the trial court's finding that Shaviri knew about the crime scene photographs but failed to turn them over

---

[7] The State assigns error to several of the trial court's findings of fact, but we address only those challenged factual findings that are relevant to our determination of whether the trial court abused its discretion in dismissing Tucheck's charges under CrR 8.3(b).

6

to the defense. We disagree. The State told the trial court that it had sent a request to police requesting any further discovery in police possession before trial, but that it did not receive the photographs at that time. After confirming that police took photographs during its search of Tucheck's home, the State received the missing photographs from Shaviri. Accordingly, substantial evidence supports the trial court's finding that Shaviri had been in possession of the photographs but failed to disclose them to the defense. Moreover, regardless of whether Shaviri or another officer had been in possession of the missing photographs, the State does not contest the fact that the photographs were in police possession and, thus, substantial evidence supports the trial court finding that the State committed governmental misconduct under CrR 8.3(b) for failing to timely disclose that evidence to the defense.

The State also argues that the trial court's governmental misconduct findings were *incomplete* in that the findings did not adequately "explain the nature of the mismanagement or the extent." Br. of Appellant at 15. The State fails to explain, however, how this alleged deficiency is material to the issue before us—whether substantial evidence supports the trial court's findings that the State committed governmental misconduct. As our Supreme Court stated in *Dailey*, "simple mismanagement is sufficient" to demonstrate governmental misconduct under CrR 8.3(b). 93 Wn.2d at 457. Here, the State concedes that it did not timely disclose the photographs at issue with the defense. This constitutes governmental misconduct under CrR 8.3(b). *See, e.g., State v. Brooks*, 149 Wn. App. 373, 384-86, 203 P.3d 397 (2009). The trial court's findings that the State committed governmental misconduct by failing to timely disclose

crime scene photographs to the defense is supported by substantial evidence in the record.[8] We thus turn to whether substantial evidence supports the trial court's finding that the State's governmental misconduct prejudiced Tucheck.

C. *Prejudice*

The State asserts that, even if substantial evidence in the record supports the trial court's finding of governmental misconduct, the evidence does not support the trial court's finding that such governmental mismanagement prejudiced Tucheck's right to a fair trial. We disagree.

Here, the trial court found that the late disclosure of photographic evidence substantially prejudiced Tucheck's defense because the late disclosure "hindered [Tucheck's] ability to prepare for trial," and necessitated a change in defense strategy midway through trial. In *Brooks*, a trial court dismissed the defendants' charges following the State's failure to provide the defense with certain discovery material until the eve of trial. 149 Wn. App. at 377-83. We affirmed the trial court's CrR 8.3(b) dismissal order, holding that the State's late disclosure of discovery material prejudiced the defendants because it "prevented defense counsel from preparing for trial in a timely fashion." *Brooks*, 149 Wn. App. at 390. Our Supreme Court has similarly held that prejudice under CrR 8.3(b) includes an infringement on the "'right to be represented by counsel who has had sufficient opportunity to adequately prepare a material part of his defense . . . .'" *Michielli*, 132 Wn.2d at 240 (quoting *State v. Price*, 94 Wn.2d 810, 814,

---

[8] The State also assigns error to the trial court's findings regarding Shaviri's testimony and contends that the trial court erred by relying on these findings in determining that the State committed governmental mismanagement. We do not address whether substantial evidence in the record supports these findings, however, because we hold that the State's failure to timely disclose crime scene photographs to the defense, alone, constituted governmental misconduct under CrR 8.3(b).

620 P.2d 994 (1980)); *see also Dailey*, 93 Wn.2d at 458-59 (affirming trial court's CrR 8.3(b) dismissal for the State's mismanagement in providing supplemental witness list on the eve of trial and for other delays in providing discovery).

Here, the prejudice to Tucheck's defense is even more apparent than in *Brooks* because the State's late disclosure of photographic evidence occurred midway through trial, after Tucheck's counsel had already cross-examined Shaviri. The photographic evidence was clearly material to defense counsel's cross-examination of Shaviri because the photographs revealed information that could have been used to impeach Shaviri. For example, the photographs depicted weapons and several vehicles, calling into question Shaviri's testimony that police did not locate any weapons in the home and did not locate a vehicle belonging to Tucheck. The photographic evidence also contained information that could have been used to cross-examine Shaviri on the quality of the police investigation because the photographs depicted items not collected into evidence such as backpacks, a suitcase, and an identification card belonging to another individual. Accordingly, substantial evidence supports the trial court's finding that the State's untimely disclosure of crime scene photographs prejudiced Tucheck because the untimely disclosure hindered counsel's trial preparation and forced counsel to change its strategy after trial had already begun.

D.    *Alternative Remedies*

Finally, the State asserts that the trial court erred by failing to consider alternative remedies before dismissing Tucheck's charges. Again, we disagree. Although the trial court stated that continuing Tucheck's trial was "not an option" and that it was prepared to either dismiss the case or declare a mistrial, the record shows that after the trial court made this

statement it considered the State's argument for suppression of the crime scene photographs as a remedy for the State's discovery violation. The trial court, however, found that the prejudice to the defendants was too great to allow the trial to continue and, thus, concluded that suppression of the evidence was inadequate to remedy the State's discovery violation. The trial court also declared a mistrial before it concluded that dismissal was the more appropriate remedy for the State's failure to timely disclose evidence to the defense. Accordingly, the record belies the State's assertion that the trial court failed to consider alternative remedies before dismissing Tucheck's charges.

In *Brooks*, we noted that, because a criminal defendant has separate constitutional rights to a speedy trial and to effective assistance of counsel, the State cannot force a defendant to choose between his speedy trial rights and his right to effective counsel. 149 Wn.App. at 387 (citing *Price*, 94 Wn.2d at 814). And when the State causes a series of delays in the discovery process, inexcusably fails to provide substantial amounts of discovery, or fails to disclose discovery materials until shortly before a crucial stage in the litigation process, it may prejudice one or both of these constitutional rights. *Price*, 94 Wn.2d at 814; *see Brooks*, 149 Wn.App. at 388 (noting that the State's delay in providing discovery supported the finding of actual prejudice to the defendant). Similarly, a defendant should not have to choose between his or her right to effective counsel and the "valued right to have his trial completed by a particular tribunal" due to the State's failure to timely disclose evidence to the defense. *Wade v. Hunter*, 336 U.S. 684, 689, 69 S. Ct. 834, 93 L. Ed. 974 (1949). Accordingly, we hold that substantial evidence in the record supports the trial court's findings that the State committed prejudicial misconduct under CrR 8.3(b) by failing to timely disclose evidence to the defense, and that the

10

No. 43951-4-II

trial court did not abuse its discretion in determining that dismissal was an appropriate remedy for such misconduct. We affirm the trial court's dismissal order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Johanson, C.J.

_____
Melnick, J.

11