FILED
COURT OF APPEALS
DIVISION II

2015 JUN 30 AM 8: 31

STATE OF WASHINGTON
BY_____
           DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

No. 45726-1-II

SCOTT K. LANGE, Trustee; and
ELIZABETH R. LANGE, Trustee; Trustees of
The Lange Family Trust;

        Appellants.

v.

DAVID A. CEBELAK and KRISANNE R.
CEBELAK, husband and wife, and the marital
community composed thereof;

        Respondents,

UNPUBLISHED OPINION

MELNICK, J. — Scott and Elizabeth Lange ("Lange") appeal the trial court's order granting partial summary judgment in favor of David and Krisanne Cebelak ("Cebelak"). Lange and Cebelak own adjacent properties that have been the subject of much litigation. In 2009, Lange filed a complaint against Cebelak alleging negligent injury to real property, public and private nuisance, trespass, and loss of lateral support. The trial court dismissed Lange's negligent injury to real property and nuisance claims arising from damage that occurred in 2006 because they were barred by the statute of limitations. Lange appeals, but because Lange did not file his complaint until after the statute of limitations had run, we affirm.

## FACTS

Lange owns property adjacent to Cebelak in Clallam County. Both properties abut the Clallam Bay shoreline. Clallam County issued Cebelak a building permit to build a residence in

1996. Cebelak sought a revision of the building permit in late 1996 and again in 1999. Clallam County granted the revisions. Cebelak completed construction of the home on November 2, 1999.

In late 1996 and 1997, the county also issued the required building and plumbing permits for Cebelak to build a storage building on his property. In September 1997, Cebelak completed construction of a storage building on his property, which the county inspected.

In May 1999, Cebelak completed construction of a bulkhead. The county granted a shoreline exemption, and the Department of Fish and Wildlife granted him a hydraulic permit, for the bulkhead.

On December 14, 2006, a severe storm hit Clallam Bay, washing away some of Cebelak's property and exposing the bulkhead. As a result of the storm, Lange lost a portion of his beachfront property. In March 2007, Lange retained Jim Johannessen, a licensed engineering geologist and principal of Coastal Geologic Services, Inc. On November 30, 2007, Johannessen issued a report to Lange opining that Cebelak's bulkhead "was at least in part the cause of the severe erosion to the Lange beachfront." Clerk's Papers (CP) at 375.

Over two years later, on December 11, 2009, Lange filed a complaint against Cebelak in Clallam County Superior Court alleging causes of action for public and private nuisance, trespass, and loss of lateral support. Although Lange used breach, duty, and damage language, he did not specifically allege negligent injury to real property. In the complaint, Lange requested monetary damages for the harm to his property caused by the erosion that occurred during the storm in December 2006, as well as continuing damages for harm to his property resulting from the residence, storage building, and bulkhead on Cebelak's property. Specifically, Lange claimed that the structures exist in violation of the initial building permits, applicable laws, codes, and regulations. Lange also requested injunctive relief requiring Cebelak to remove the residence,

2

storage structure, and bulkhead, and to restore the shoreline to its original condition. In the alternative, Lange asked the trial court to require Cebelak to redesign the bulkhead to eliminate the trespass and nuisance.

Cebelak raised several affirmative defenses, including that Lange's complaint violated applicable statutes of limitations. Cebelak moved for summary judgment, seeking dismissal of Lange's complaint because no material issue of fact existed regarding the nuisance, trespass, and loss of lateral support claims, and because most of the claims were barred by statutes of limitations. Additionally, Cebelak argued that Lange could not challenge any of the county's permitting decisions relating to the initial construction of the structures because Lange did not timely seek review under the Land Use Petition Act (LUPA).[1]

The trial court entered an order granting final partial summary judgment in favor of Cebelak on the nuisance claims arising from damage that occurred in 2006. The trial court incorporated by reference its memorandum opinion on defendants' motion for summary judgment. The trial court ruled that "[c]laims for damages under the theory of negligent injury to real property and/or nuisance for the erosion which occurred in the December storms of 2006 storm [sic] are dismissed as the statute of limitations has run."[2] CP at 25. Specifically, the trial court determined that viewing the evidence most favorable to Lange, the date of accrual for the purposes of the statute of limitations was the date Johannessen issued his report, November 30, 2007. Because Lange did not file the complaint until more than two years after the date of that report, the statute of limitations for nuisance ran prior to the commencement of litigation.

---

[1] Ch. 36.70C RCW

[2] The trial court also granted the motion as to the claims relating to obstruction of view for failure to state a claim upon which relief may be granted. This is not at issue on appeal.

The trial court did not dismiss any of Lange's other claims and those claims remain active. The trial court kept active Lange's claims based on current or continuing trespass, negligent injury to real property and/or nuisance, and loss of lateral support, or that the structures are violating the permits issued or are out of compliance with applicable county codes. Lange appeals.[3]

ANALYSIS

I. STANDARD OF REVIEW

We review an order for summary judgment de novo, engaging in the same inquiry as the trial court. *Jones v. Allstate Ins. Co.*, 146 Wn.2d 291, 300, 45 P.3d 1068 (2002). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). We construe all facts and their reasonable inferences in the light most favorable to the nonmoving party. *Jones*, 146 Wn.2d at 300. Summary judgment is proper only if reasonable persons could reach but one conclusion from the evidence presented. *Bostain v. Food Express, Inc.*, 159 Wn.2d 700, 708, 153 P.3d 846 (2007).

II. THE TRIAL COURT DID NOT ERR IN APPLYING THE STATUTE OF LIMITATIONS

A. Accrual of Nuisance Claim

A nuisance is statutorily defined in Washington, in relevant part, as "an obstruction to the free use of property, so as to essentially interfere with the comfortable enjoyment of the life and property." RCW 7.48.010. A public nuisance is one that "affects equally the rights of an entire

---

[3] On appeal, Cebelak asks us to dismiss Lange's claims. Because Cebelak did not file a cross-appeal, we decline.

community or neighborhood, although the extent of the damage may be unequal." RCW 7.48.130. A private nuisance is one that is not a public nuisance. RCW 7.48.150.

A negligence action accrues when the plaintiff suffers injury to his real property. *Will v. Frontier Contractors, Inc.*, 121 Wn. App. 119, 125, 89 P.3d 242 (2004*)*. "A nuisance cause of action accrues when the plaintiff *initially* suffers some actual and appreciable harm or when the plaintiff should have discovered the basis for a nuisance action." *Wallace v. Lewis County*, 134 Wn. App. 1, 19, 137 P.3d 101 (2006), *as corrected* (Aug. 15, 2006) (emphasis added). Separate causes of action arise for negligent injury to real property and nuisance claims, but plaintiffs must file a lawsuit two years from the time either action accrues. RCW 4.16.130; *Wallace*, 134 Wn. App. at 19.

The damage to Lange's property occurred on the date of the storm, December 14, 2006. However, the Johannessen's report opining that Cebelak's bulkhead caused the damage issued on November 30, 2007. Viewing the evidence in the light most favorable to Lange, neither cause of action accrued until November 30, 2007. No genuine issue as to this material fact exists in the record. Lange did not file his complaint until December 11, 2009. Therefore, Lange commenced his lawsuit outside of the two year statute of limitations for both claims. RCW 4.16.130. Thus, the trial court correctly dismissed claims for damages for the erosion which occurred from the December 2006 storm.

If a nuisance is continuing, the two year statute of limitations only limits the period for which the plaintiff may collect damages. *Wallace*, 134 Wn. App. at 19. If a nuisance remains, the plaintiff may continue to collect damages for uncompensated harm until the nuisance is abated. *Wallace*, 134 Wn. App. at 19. Each successive day that Cebelak's bulkhead continues to cause erosion to Lange's property constitutes a new cause of action. *Wallace*, 134 Wn. App. at 20. To

the extent that Lange argues that the trial court erred by dismissing his nuisance claims because the nuisance is continuing, his argument is without merit. The trial court dismissed only those claims relating to the December 2006 storm. It did not dismiss any claims related to any continuing nuisance caused by any of the structures on Cebelak's property. It also did not dismiss claims for continued erosion resulting from Cebelak's bulkhead. Therefore, Lange's argument fails.

B.      Tolling the Statute of Limitations

To the extent that Lange argues that fraud or misrepresentation by Cebelak should have tolled the nuisance statute of limitations, this argument is without merit. Lange essentially argues that a genuine issue of material fact exists as to the accrual date of the cause of action for the nuisance claim, and that a jury should determine whether fraud prevented Lange from knowing that the nuisance existed.

An actionable nuisance claim is an act or omission that injures the plaintiffs' property or unreasonably interferes with their enjoyment of the property. *Wallace*, 134 Wn. App. at 19. The accrual of a nuisance cause of action depends only on the plaintiff suffering some "'actual and appreciable'" harm. *Mayer v. City of Seattle*, 102 Wn. App. 66, 76, 10 P.3d 408 (2000) (quoting *Haslund v. City of Seattle*, 86 Wn.2d 607, 620, 547 P.2d 1221 (1976)). Courts may apply the discovery rule in cases where a delay occurs between the injury and the plaintiff's discovery of it. *Crisman v. Crisman*, 85 Wn. App. 15, 20, 931 P.2d 163 (1997). The discovery rule "postpone[s] the running of a statute of limitations until the time when a plaintiff, through the exercise of due diligence, should have discovered the basis for the cause of action." *Mayer*, 102 Wn. App. at 76.

For tolling purposes, we will assume without deciding that Lange suffered an actual and appreciable harm. The undisputed fact is that Lange discovered the erosion to his property as of November 30, 2007 when Johannessen's report issued. Thus, this argument fails.[4]

III.    LANGE'S LUPA ARGUMENTS ARE INAPPLICABLE

Lange argues on appeal that "[t]he [t]rial [c]ourt ... must ... be reversed ... so that [Lange] can present evidence of the code violates and violation of permit conditions at trial to support [his] nuisance claims." Br. of Appellant at 18. But, the trial court did not enter an order preventing Lange from admitting evidence at trial of non-compliance to support his remaining active claims. Rather, the trial court stated that "LUPA does not prevent claims under nuisance, trespass or loss of lateral support." CP at 25. As the trial court explained in its memorandum opinion which is incorporated into its order, under *Grundy v. Thurston County*, 155 Wn.2d 1, 117 P.3d 1089 (2005), the bar to attacks of land use decisions under LUPA does not bar actions for nuisance or trespass caused by structures which may have been lawfully permitted. The grant of a permit does not insulate the permit holder from such actions if they later become a nuisance or trespass. *Grundy*, 155 Wn.2d at 7 n.5. Because the trial court did not issue a ruling precluding Lange from admitting evidence relating to code and permit violations, Lange's argument is without merit.

Lange also asserts that "LUPA effectively creates and perpetuates a grant of special privilege to those who have been relieved of society's equal obligations of code and permit compliance" in violation of article 1, sections 8 and 12 of the Washington Constitution. Br. of Appellant at 30. However, Lange offers no argument or authority addressing his assertion.

---

[4] Furthermore, Lange seems to argue that the trial court ordered that he may not present evidence relating to fraud or misrepresentation. However, the trial court entered no written order prohibiting evidence. Washington is a written order state. *State v. Dailey*, 93 Wn.2d 454, 458-59, 610 P.2d 357 (1980). Because the trial court entered no order regarding prohibition of evidence, this issue is not properly before us.

Accordingly, we decline to consider it. RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

IV.    ATTORNEY FEES

Lange does not request attorney fees on appeal. Cebelak requests attorney fees only under RCW 4.84.370, which provides that the prevailing party in an action contesting a land use decision is entitled to reasonable attorney fees. This is not an action contesting a land use decision. Thus, neither party is entitled to attorney fees. RAP 18.1(b).

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Maxa, P.J.

Lee, J.