IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 71608-5-I |
| | ) | |
| Respondent, | ) | |
| | ) | ORDER GRANTING MOTION |
| v. | ) | FOR RECONSIDERATION AND |
| | ) | WITHDRAWING OPINION AND |
| MOHAMED A. AHMED, | ) | SUBSTITUTING NEW OPINION |
| | ) | |
| Appellant. | ) | |

Appellant Mohamed A. Ahmed filed a motion to reconsider the opinion filed on August 17, 2015. The State filed an answer to the motion. The panel has determined that appellant's motion for reconsideration should be granted and the opinion filed on August 17, 2015 withdrawn. A substitute opinion will be filed. Now, therefore, it is hereby

ORDERED that appellant's motion for reconsideration is granted and the opinion filed on August 17, 2015 shall be withdrawn, and a new opinion shall be filed.

DATED this 25th day of JANUARY, 2016.

_Spearman,_

_Becker, J._

_Cox, J._

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| THE STATE OF WASHINGTON, | ) | No. 71608-5-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MOHAMED A. AHMED, | ) | |
| | ) | |
| Appellant. | ) | FILED: January 25, 2016 |

SCHINDLER, J. — Mohamed A. Ahmed appeals his conviction of theft in the third

degree. Ahmed asserts the trial court erred in denying his motion to suppress because

the police exceeded the scope of a lawful protective frisk. The State agrees that during

a frisk for weapons, the officer partially removed a small wine bottle from Ahmed's

pocket and examined it. However, the State contends the frisk did not exceed the

scope of a protective frisk because the officer removed the bottle based upon a

reasonable belief that it might be a weapon. Because the record does not support the

State's argument and the trial court made no such finding, we reverse.

FACTS

On August 21, 2013, Seattle Police Officer Lloyd Harris responded to a report of

a robbery at a Seattle 7-Eleven store. When Officer Harris arrived at the 7-Eleven, the

store clerk told Officer Harris that a man stole a number of small wine bottles. The store

clerk described the man as a "black male, bald, wearing a white shirt, black shirt underneath, and blue jeans." The clerk said that when he confronted the man about paying for the wine bottles, the man threatened him with a small knife that he had in his front pants pocket and left. The clerk said the man ran away in the direction of the bowling alley. The bowling alley is kitty-corner and about 100 yards from the 7-Eleven.

Minutes later, Officer Harris saw a man in the bowling alley parking lot who "matched perfectly" the clerk's description of the man who stole the wine bottles. Officer Harris asked the man, later identified as Mohamed A. Ahmed, "if he would come talk." Ahmed appeared intoxicated and repeatedly asked why Officer Harris wanted to talk to him. Because it was "probably likely" that Ahmed was carrying a knife, Officer Harris "kept [his] distance" until a second officer arrived.

When Seattle Police Officer Jacob Leenstra arrived, Officer Harris placed Ahmed in handcuffs and conducted a protective frisk to search for "a weapon" or "sharp objects."

Based on the information that Ahmed had a knife in his front pocket, Officer Harris "started a frisk on the left side of [Ahmed's] body as the suspect in the robbery was supposedly armed with a knife." Officer Harris said that as soon as he "went to [Ahmed's] front left pocket[,] there was a chilled, sweating, small bottle of wine" in that pocket. Officer Leenstra placed Ahmed under arrest for robbery and read Ahmed his Miranda[1] rights.

After placing Ahmed under arrest, Officer Harris and Officer Leenstra conducted a search incident to arrest and removed a bottle of wine from each of his front pockets and a third bottle from his back pants pocket. The police officers did not recover a knife.

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

2

Ahmed denied having been at the 7-Eleven store. Ahmed told the officers he purchased the wine at another store for $20. The 7-Eleven store clerk identified Ahmed as the person who took the wine bottles and then threatened him.

The State charged Ahmed with robbery in the second degree. Ahmed represented himself pro se. Before trial, Ahmed filed a motion to suppress his custodial statements and the small wine bottles seized after his arrest. Ahmed argued the police officers exceeded the scope of a lawful protective frisk by removing one of the small wine bottles from his front pocket. Ahmed also claimed he was arrested without probable cause, and the wine bottles and his custodial statements were products of an unlawful arrest.

Officer Harris and Officer Leenstra testified at the suppression hearing. Officer Harris testified that he immediately told Officer Leenstra "there was a bottle of wine" and stopped the frisk. The court also admitted into evidence audio and video footage of the arrest from the dashboard cameras in the patrol cars. The trial court denied Ahmed's motion to suppress.

During his testimony at trial, Ahmed admitted he left the 7-Eleven store with wine bottles that he did not pay for but only because he inadvertently left his wallet at the bowling alley. Ahmed said he intended to return to the store to pay. Ahmed denied threatening the clerk with a knife. A jury found Ahmed guilty of the lesser-included crime of theft in the third degree, a gross misdemeanor.

ANALYSIS

Ahmed seeks reversal arguing the trial court erred in denying his motion to suppress the wine bottles the police seized after placing him under arrest. Ahmed asserts the frisk exceeded the scope of a protective search for weapons.

The Fourth Amendment of the United States Constitution prohibits an unreasonable search and seizure. Article I, section 7 of the Washington Constitution prohibits government intrusion upon private affairs without authority of law. State v. Chacon Arreola, 176 Wn.2d 284, 291, 290 P.3d 983 (2012). Because article I, section 7 grants greater protection to individual privacy rights than the Fourth Amendment, we analyze the issue Ahmed presents under the Washington Constitution. State v. Russell, 180 Wn.2d 860, 867 n.1, 330 P.3d 151 (2014).

A warrantless seizure is presumptively unreasonable. State v. Z.U.E., 183 Wn.2d 610, 617, 352 P.3d 796 (2015). The State bears the burden of establishing the seizure falls within one of the carefully drawn exceptions to the warrant requirement. Z.U.E., 183 Wn.2d at 617. One exception is a brief investigatory detention—a Terry[2] stop. Z.U.E., 183 Wn.2d at 617. During a Terry stop, a police officer is entitled to conduct a limited search of the outer clothing of a person for weapons that might be used to assault the officer. Terry v. Ohio, 392 U.S. 1, 30, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). "The purpose of this limited search is not to discover evidence of a crime, but to allow the officer to pursue his investigation without fear." State v. Hudson, 124 Wn.2d 107, 112, 874 P.2d 160 (1994).

---

[2] Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

4

Ahmed claims Officer Harris exceeded the scope of a permissible frisk because he felt an item he knew was not a weapon and removed the wine bottle from his pocket "to examine it in detail." Ahmed relies on patrol car dashboard camera video to argue that after Officer Harris felt a small wine bottle in Ahmed's front pocket, he continued to search for evidence by lifting the bottle out of the pocket. Ahmed contends the record supports no other interpretation of the evidence.

In the video, Ahmed's back is toward the camera. Officer Harris is standing in front of Ahmed and facing him. Therefore, only Ahmed's back and, at times, Officer Harris's face are visible from the angle of the camera. The video does not show either Officer Harris's hands or Ahmed's front pocket. The video does show Officer Leenstra moving Ahmed to the front of the patrol car a few minutes after the arrest and removing three wine bottles from Ahmed's pockets.

The video also includes the officers' comments just before the arrest that "you have a bottle of wine in your pocket" and the wine bottle is "the exact one that was stolen" from the 7-Eleven store. Ahmed insists these comments establish the officers removed and examined the wine bottle during the frisk. This is not the only reasonable inference. Nonetheless, the State unequivocally "agrees" that based on the testimony and the video evidence at the suppression hearing, Officer Harris "looked in Ahmed's pocket and lifted up the bottle of wine at least partly out of the pocket as part of the frisk" to discover the wine.

However, the State relies on a comment the trial court made during the oral ruling to argue that because a wine bottle is a potential weapon, the officers were justified in removing the bottle during the protective frisk. In its oral ruling on the motion

5

to suppress, the court noted in passing that wine bottles are "arguably" potential weapons that "certainly could be used to hit somebody," but the court specifically stated that "[n]o one has mentioned this, including the officers." The court did not find Officer Harris removed the bottle because it was a potential weapon. And there was no testimony suggesting Officer Harris believed the bottle was a potential or actual weapon.

We also note the trial court's oral ruling has no binding or final effect unless it is formally incorporated into the written findings or written orders. See State v. Dailey, 93 Wn.2d 454, 458-59, 610 P.2d 357 (1980). The written findings do not state that Officer Harris removed the wine bottle because he believed it was a potential weapon. The findings state, in pertinent part:

> After placing Mr. Ahmed in handcuffs, Officers Harris and Leenstra frisked him for weapons. During the frisk they felt hard, cylindrical objects in his pockets that were cold to the touch. These objects were then identified as wine bottles and matched the description of the stolen property provided by the victim at 7-Eleven.[3]

The conclusions of law state, in pertinent part:

> It was reasonable for the officers to frisk [Ahmed] because, based on the information that they had received, they had good reason to think that he might be armed. Once the wine bottles were discovered in Mr. Ahmed's pockets during the frisk, officers had probable cause to arrest.

Because the State agrees the record must be interpreted in the manner Ahmed suggests and the State erroneously relies on a factual finding that the trial court did not,

---

[3] As Ahmed correctly observes, the evidence demonstrates Officer Harris conducted the frisk while Officer Leenstra only observed, and Officer Harris detected one bottle in Ahmed's front pocket not multiple bottles. To the extent the court's finding states otherwise, the finding is not supported by substantial evidence.

No. 71608-5-I/7

and could not, make, we reverse Ahmed's conviction and remand for further proceedings.[4]

WE CONCUR:

_____

_____        _____

---

[4] Accordingly, we need not address Ahmed's argument that the court erred in admitting his custodial statements.

7